**Leslie B. COMBS, II, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. No. 74–61.**

United States District Court, E. D. Kentucky, Lexington Division.

Sept. 7, 1978.

**20**

Charles R. Hembree, and Harry B. Miller, Lexington, Ky., for plaintiff.

Patrick H. Molloy, U.S. Atty., Lexington, Ky., Will E. McCleod, and F. Gerald Burnett, Trial Attys., Tax Division, Dept. of Justice, Washington, D.C., for defendant.

## MEMORANDUM OPINION

MOYNAHAN, Chief Judge.

The plaintiff herein, together with his wife, Charline Combs, filed for the calendar year 1969 a joint federal income tax return. The Commissioner of Internal Revenue, by a statutory notice of deficiency dated April 10, 1973, assessed a deficiency against the taxpayers in federal income taxes in the amount of $65,706.20 for the tax year 1969. The plaintiff subsequently paid this additional amount of tax in June, 1973, and filed a Claim for Refund for the additional taxes paid in the amount of $63,566.88, contending that the Commissioner erroneously assessed this additional tax by improperly including as taxable income or excluding as deductions six items which were specified on the claim. This claim was disallowed by the Commissioner and the instant action was commenced on July 30, 1974, with a demand for trial by jury.

At a pretrial conference held on November 9, 1977, it was agreed that the plaintiff would be allowed to file a motion to amend his complaint at the conclusion of the trial in this action. This matter went to trial only on the issue of the plaintiff's involvement with VSA, Inc. and Mid-American Investments, Inc. [Paragraph 8(h) of the complaint] inasmuch as the remaining issues had been resolved between the parties.

On November 17, 1977, after trial and a verdict for the Government, the plaintiff filed a motion for leave to file an amendment to his complaint whereby he would elect to compute the amount of taxes due pursuant to 26 U.S.C. § 1301 *et seq*. These provisions allow an eligible taxpayer to "average" his income over a five (5) year period and thereby derive the advantage of a lower tax. The motion presents two basic questions:

(1) Does the amendment cause the complaint to so vary from the original claim of refund filed by the taxpayer to prevent recovery thereunder; and

(2) If not, is the taxpayers' proposed election time barred by 26 U.S.C. §§ 1304, and 6511(a).

## VARIANCE

It is undisputed that the original complaint was filed in conformity with 26 U.S.C. § 7422(a) which provides that no suit shall be maintained for the recovery of any internal revenue tax alleged to have been erroneously or illegally collected until a claim for refund or credit has been properly filed with the Secretary. 26 C.F.R. § 301.-6402–2(b)(1) provides that such claims must set forth in detail the grounds upon which the refund or credit is sought and state facts sufficient to apprise the Commissioner of the exact basis of the claim.

> Numerous cases sustain the principle that the grounds on which a claim for a tax refund is made must be specifically set forth in the claim for refund itself, otherwise the court in a *refund action is* without jurisdiction to consider them. (Citation omitted). *Estate of Bird*, 534 F.2d 1214 (6th Cir. 1976).

The reasoning behind this requirement is to prevent surprise on the Commissioner at trial by placing him in the position of liti-

gating issues he has not previously had an opportunity to investigate.

It is, however, equally recognized that amendments to the complaint may be made which do not set forth new and differing grounds for refund. The Second Circuit in *Pink v. U. S.,* 105 F.2d 183 at 187 (2d Cir. 1939) stated

> Whether a new ground of recovery may be introduced after the statute has run by amending a pending claim filed in time depends upon the facts which an investigation of the original claim would disclose. Where the facts upon which the amendment is based would necessarily have been ascertained by the commissioner in determining the merits of the original claim, the amendment is proper. (Citations omitted). The rule is otherwise when the amendment requires the examination of *new matters* which would not have been disclosed by an investigation of the original claim. (Citations omitted). (Emphasis added).

Clearly the proposed amendment meets the requirements of this test. No new fact questions are presented by an election to income average, but rather a change in the method of tax computation to be employed in finally determining the tax due for the year in question.[1] The claim for refund as originally filed (Ex. "C." to the Complaint) did list with specificity the alleged erroneous determinations made by the Internal Revenue Service and included a "Tax Refund Computation Schedule" based upon *all* six of the claimed errors seeking a total tax refund of $63,566.88. It cannot be argued that the Commissioner was not apprised of all issues in question by the original claim for refund. The defendant's position that by seeking to income average, the taxpayer is opening the returns for all five years to review by the Commissioner as to *each* item of income and expense is without merit. Nothing in 26 U.S.C. § 1301 *et seq.* or Treas. Reg. § 1.1301 *et seq.* indicates that by so electing the taxpayer is opening up his previous returns for audit or recomputation of taxable income. An examination of "Form G"—which must be completed when electing to income average—does not include any statement to such an effect. In completing this form, one merely takes the taxable income from the prior four years as reported on his returns and computes his tax on that basis. This argument is even more baseless as to the subject year's income, inasmuch as the Internal Revenue Service has previously audited this taxpayer's return and questioned six items which were the basis of the civil action.

Inasmuch as this action contested the very taxability of particular items, the plaintiff should not now be precluded from amending his complaint. The determination has been made as to whether *any* tax is due on these items and to now make an election between two perfectly acceptable methods of tax computation is not to raise new factual questions which are outside the Claim of Refund.

### STATUTE OF LIMITATIONS

The second question presented by the proposed amendment is whether the plaintiffs are now precluded from so electing to income average by the statute of limitation as found in 26 U.S.C. §§ 1304(a) and 6511(a).[2] The policy underlying these

---

**1.** The Tax Court in *Pereira v. Commissioner,* 35 T.C.M. 290 (1976) decided that a delayed election would not be permitted in that particular instance where the petitioners first raised the issue on a motion to vacate. *Pereira* is distinguishable from the instant action where the issue was raised at the close of trial, by agreement of the parties, by a motion to amend the complaint.

**2.** 26 U.S.C. § 1304(a) reads in pertinent part as follows:

Such choice may be made or changed at any time before the expiration of the period pre-

scribed for making a claim for credit or refund of the tax imposed by this chapter for the taxable year.

26 U.S.C. § 6511(a) reads in part as follows:

Claim for credit or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, . . . .

statutes is the same as that for the periods of limitation—to put the other party on notice within a given time frame and to prevent stale claims. *Scharpf v. U. S.*, 157 F.Supp. 434 (D.Or.1956), aff'd 250 F.2d 744, (9th Cir.); *Cumberland Portland Cement Co. v. U. S.*, 104 F.Supp. 1010, 122 Ct.Cl. 580 (1952). One must assume, therefore, that § 6511(a) addresses itself to those instances in which no further action by the taxpayer or the government has ever been taken, or which if taken has been resolved, since the filing of the return or the payment of the tax. By filing the original claim for refund within this period, the plaintiffs have put the defendant on notice of their intent to pursue this matter. This is not an instance where no action whatsoever has been taken by the parties during the running of this period, but rather one where the taxpayers have actively pursued their claim of refund and therefore, the subject amendment may be allowed without undermining this underlying policy.[3]

▮ Another aspect to be considered at this point is the prerequisite of "averagable" income. 26 U.S.C. § 1301 clearly states that an eligible taxpayer must have averagable income exceeding $3,000.00 before the provisions may apply. Obviously there could be many situations in which a taxpayer, contesting the inclusion of numerous income items on his tax return, contending he did not owe the larger amount of tax as computed by the Commissioner, would not, from his standpoint, have "averagable income" exceeding $3,000.00 at the time of filing his claim for refund. Until a final determination of which items should be included and/or excluded in arriving at taxable income for the year, the taxpayer cannot know whether it would be to his advantage to elect income averaging or even if he is eligible to so elect.

A similar situation is described in Treas. Reg. § 1.1304-1(b) which provides for subsequent qualification to elect income averaging for a taxable year. The example supplied by the Regulation is the taxpayer who incurs a net operating loss in 1972. By carrying back this loss to the years 1969, 1970 and 1971 (if available) he may reduce his income in one of these years to such an extent that he becomes eligible for income averaging in 1971. Although this example is within the time frame of § 6511(a), it does demonstrate the possibility of subsequent qualification for income averaging.

Inasmuch as the plaintiffs herein properly filed an adequate claim for refund seeking a total refund of $63,566.88, claiming numerous errors by the Commissioner, it is the Court's opinion that this claim adequately notified the Commissioner of the issues to be litigated at trial and, for the foregoing reasons, it is further the Court's opinion that the proposed amendment does not raise new issues of fact and is not barred by the period of limitation provided in § 6511(a). Thus, plaintiff's motion to amend should be sustained.

---

**3.** This Court finds the case *Hosking v. Commissioner*, 62 T.C. 635 (1974) distinguishable from the instant action and therefore does not rely upon it in this decision although the reasoning of the Tax Court in interpreting the statue as permissive is somewhat analogous to that of this Court.