*Decisions will be entered under Rule 155.*

GLENN D. CLOES AND MICHAL CLOES, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 9971–80.     Filed November 23, 1982.

*Allan P. Harris*, for the petitioners.
*Charles P. Hanfman*, for the respondent.

### OPINION

TANNENWALD, *Chief Judge*: The trial of this case took place on March 2, 1981. Petitioners appeared pro se. The taxable years involved are 1976, 1977, and 1978. The only items which were placed in dispute by the pleadings, and which were the subject matter of the trial involved, were whether: (1) Certain income was taxable to petitioners or a trust (the principal issue); (2) the trust or petitioners were entitled to depreciation and an investment credit for certain property leased by petitioners to the trust; (3) petitioners had substantiated certain itemized deductions; (4) petitioners were liable for additions to tax under section 6653(a).[1]

On December 23, 1981, the Court issued its opinion (T.C. Memo. 1981–726), in which all the issues were decided in favor of respondent. The Court directed that "Decision will be entered under Rule 155," as requested by respondent. Each of the parties thereafter filed a computation under Rule 155. Petitioners, in their computation, failed to take into account certain items which the Court had disposed of in its opinion. Additionally, petitioners sought to raise issues covered in neither the pleadings nor the trial. The most significant new issue thus raised was the assertion that the petitioners were entitled to income average for the 3 years before the Court under section 1301, et seq. In support of their claim, petitioners attached to their computation copies of amended tax returns for 1976, 1977, and 1978 purporting to show the effect of income averaging and certain other items of adjustment. On

---

[1] All section references are to the Internal Revenue Code of 1954 as amended and in effect during the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.

April 30, 1982, the Court entered its decision adopting respondent's computation. On that same day, Allan P. Harris, representing petitioners, entered his appearance, and on May 6, 1982, the Court received from Mr. Harris, on behalf of petitioners, an application for a Rule 155 hearing, a "Supplemental Statement in Support of Previously Submitted Rule 155 Computation," and a "Motion for Leave to Amend Petition" to claim the benefits of income averaging and certain other adjustments. To the last document, petitioners again attached copies of amended 1976, 1977, and 1978 tax returns. On May 10, 1982, the Court vacated its decision of April 30, 1982, directed the Clerk of the Court to file the aforesaid supplemental statement and motions, and directed that a hearing be held in Atlanta, Ga., at a trial session of the Court commencing on June 7, 1982. As a result of postponements, that hearing was held on September 14, 1982.

Rule 155 is the mechanism whereby the Court is enabled to enter a decision for the dollar amounts of deficiencies and/or overpayments resulting from the disposition of the issues involved in a case where those amounts cannot readily be determined. Section (c) of that Rule provides—

(c) Limit on Argument: Any argument under this Rule will be confined strictly to consideration of the correct computation of the deficiency, liability, or overpayment resulting from the findings and conclusions made by the Court, and no argument will be heard upon or consideration given to the issues or matters disposed of by the Court's findings and conclusions or to any new issues. This Rule is not to be regarded as affording an opportunity for retrial or reconsideration.

It goes without saying that issues which have been litigated at the trial of a case may not be relitigated in connection with the entry of decision under Rule 155. Equally clear, the usual rule is that a Rule 155 proceeding may not be used to raise a new issue. See *Estate of Papson v. Commissioner*, 74 T.C. 1338, 1340 (1980). Clearly, on the basis of this record, the right to income average raises a new issue. In those cases where a late claim of income averaging has been permitted, the record contained all of the evidence necessary to making such computation and the issue was raised no later than at the trial. *Combs v. United States*, 490 F. Supp. 19 (E.D. Ky. 1978), affd. on this issue 655 F.2d 90 (6th Cir. 1981) (District Court found that an amendment to a claim for refund presented no

"new fact question," and, in any event, the issue of income averaging was raised with the agreement of the parties (see 490 F. Supp. at 21 n. 1)); *Hosking v. Commissioner*, 62 T.C. 635 (1974) (only the *timeliness* of the election made at trial was at issue). By way of contrast, this Court rejected an attempt by a taxpayer to elect income averaging after the trial and the entry of decision (*Pereira v. Commissioner*, T.C. Memo. 1976–66), and, in so doing, emphasized (see n. 2 to that opinion) that in *Hosking v. Commissioner, supra*, all the facts as to the correct amount of taxable income for each base period year were known.[2] Compare *Commissioner v. Meldrum B. Fewsmith, Inc.*, 230 F.2d 283 (6th Cir. 1956), affg. 20 T.C. 790 (1953); *Commissioner v. Wells*, 132 F.2d 405 (6th Cir. 1942); *Baruch v. Commissioner*, 11 T.C. 96, 100 (1948), affd. per curiam 178 F.2d 402 (2d Cir. 1949).

Petitioner relies on *Polizzi v. Commissioner*, 247 F.2d 875 (6th Cir. 1957), affg. in part and remanding in part *Nemmo v. Commissioner*, 24 T.C. 583 (1955). In that case, a joint return was filed. Respondent thereafter determined that such filing was not proper and utilized rates applicable to an individual return in constructing his deficiency notice. However, the deficiency notice did not state that respondent was rejecting the joint return, and consequently the issue of joint versus individual rates was not put in issue either in the pleadings or at the trial. The taxpayer was sustained by this Court on the substantive issue of omitted income, but respondent nevertheless asserted that a deficiency still existed because of the application of the tax rates to a person filing as an individual. The Sixth Circuit Court of Appeals held that, under these unusual circumstances, the taxpayer should be accorded an opportunity to litigate the issue of a joint versus separate return.

*Polizzi* is obviously distinguishable. There the issue involved had in fact, if not in form, been raised by the deficiency notice. Moreover, the taxpayer had prevailed on the substantive issue

---

[2] In *Mannette v. Commissioner*, 69 T.C. 990, 995 (1978), we accepted the taxpayer's request that he be allowed the benefit of income averaging, but only to the extent of permitting "the parties to give due consideration to this request" in connection with the Rule 155 computation. Whether such benefit was in fact accorded petitioners is not revealed. For aught that appears and unlike the present situation, the record may have already contained sufficient evidence to support an income averaging calculation.

of omitted income and would have, absent the joint-versus-separate-return issue, been entitled to a decision of no deficiency. No such circumstances exist herein. Neither the respondent in his deficiency notice nor the petitioners in their pleadings or at trial ever raised the issue of income averaging.

The plain, hard fact is that if we were to grant petitioners' motions, we would of necessity have to reopen the record and afford petitioners a further trial. The petitioners would have to prove, and respondent would be free to contest, any and all items of income and deduction for the base period years. We see no requirement of justice that compels a favorable decision on petitioners' motions under such circumstances. Indeed, a further trial is exactly what is not permitted under Rule 155. Even if we were to treat petitioners' motions as constituting a request to the Court to reopen the record, we would reject the request. Proper judicial administration demands that there be an end to litigation and that bifurcated trials be avoided. Petitioners could readily have pleaded income averaging as an alternative position and presented the necessary evidence at the trial of this case. It is no answer to say that the need to follow such a course could not have been ascertained until the Court had determined petitioners' income and allowable deductions for the years involved. Nor do we think that petitioners should be accorded any special privileges because they chose to represent themselves. Additionally, as we pointed out in our original opinion, petitioner husband (Glenn) is a highly intelligent man who knew what he was doing every inch of the way, and an examination of petitioners' brief, which they filed in their own names, clearly reveals the extent of Glenn's legal talents.

In view of the foregoing, petitioners' motions for a Rule 155 hearing and to amend the petition will be denied. We have phrased our conclusion in this fashion in light of the form of petitioners' motions (to which form respondent has not objected), although we recognize that perhaps technically petitioners should have proceeded under Rule 41.

*Decision will be entered under Rule 155 in accordance with respondent's computation.*