ESTATE OF ERNEST A. OBERING, HELEN BAILEY OBERING, EXECUTRIX, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent; HELEN BAILEY OBERING, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Obering v. Commissioner
Docket Nos. 7727-78, 4778-79.
United States Tax Court
T.C. Memo 1985-253; 1985 Tax Ct. Memo LEXIS 382; 49 T.C.M. (CCH) 1563; T.C.M. (RIA) 85253; May 28, 1985. *382 Stanley L. Drexler,Michael J. Abramovite,Kathryn A. Tistinic, and Sam L. Leopold, for the petitioners. Mark H. Howard and Glen D. Wilkinson, for the respondent. DAWSON
SUPPLEMENTAL MEMORANDUM OPINION DAWSON, Chief Judge: The current dispute between the parties involves what amounts should be taken into account in arriving at the correct computation for entry of decision pursuant to Rule 155. [1] Our opinion in this case, which was filed on August 1, 1984 (T.C. Memo. 1984-407), concerned the fair market value of certain shares of stock of Warrior Oil Company (WOC). As of the valuation dates in question, WOC's most significant asset was its interest in Warrior International Corporation (Warrior), WOC's wholly-owned subsidiary. Warrior's sole asset was its interest in Indonesian oil production contracts. [2] We evaluated only the subsidiary's stock value. We did not find a value for WOC's stock. Rather, with regard to the value of WOC stock, we stated on p. 79, footnote 60, as follows: The impact on the value of WOC's stock from the additional WOC assets, the value of which the parties have agreed upon, may be determined in the Rule *383 155 computation. Both parties have submitted Rule 155 computations. The variance between the two computations is substantial and warrants this supplemental opinion. The items upon which the parties differ are the following: (1) the proper value of certain shares of Warrior stock; (2) the proper discount to be applied to the value of the assets of WOC other than the shares of its subsidiary, Warrior; (3) the proper estate tax deduction for interest and attorneys' fees; (4) an estate tax deduction of $118,609 for deductions and expenses shown in petitioners' computation; and *384 (5) the actual amount of the gross estate as determined by respondent in the notice of deficiency. Confusion among the parties as to items (4) and (5) arises solely because respondent used taxable estate as a starting point for his Rule 155 computation, while petitioners used gross estate. We think that if the parties keep this fact in mind when checking each others' computations, their dispute as to these amounts should be resolved. We will, therefore, address in detail only the first three disputed items. We think it is clear in our opinion in this case that we determined the full value of certain shares of Warrior stock and held as follows: (1) the value of 45 shares of Warrior stock on January 23, 1975, was $990,900; (2) the value of 15 shares of Warrior stock on October 10, 1975, was $330,300; (3) the value of 30 shares of Warrior stock on December 23, 1976, was $660,600. Respondent now asserts that the value of Warrior stock should be increased above these amounts to reflect certain of Warrior's assets shown on certain of its balance sheets for the three valuation dates in question. We disagree. "[I]ssues which have been litigated at the trial of a case may not be relitigated *385 in connection with the entry of decision under Rule 155." Cloes v. Commissioner,79 T.C. 933, 935 (1982); see Rule 155(c). The proper vehicle in this Court for respondent's objection to the value we determined is a motion for reconsideration pursuant to Rule 161. Respondent in fact pursued this alternative by filing a motion for reconsideration on August 30, 1984, on the same grounds as respondent now urges. We denied his motion. Respondent may not use the Rule 155 procedures in order to renew his motion for reconsideration of our findings and opinion. See Rule 155(c). Furthermore, in our prior opinion we rejected valuation methods that were based on financial statements presented in evidence. See footnote 2, supra, and accompanying text. The method we used and the value we ascribed took into account all of Warrior's assets on the valuation dates in question. In his Rule 155 computation, respondent used the value he determined in the notice of deficiency as the value of the assets of WOC other than the shares of Warrior. This value was computed by subtracting a 20 percent discount from the book value of the assets of WOC (other than the Warrior shares). *386 In determining a value for these same assets, petitioners, however, used book value less a 48.75 percent discount. As support for applying this discount, petitioners note that in our opinion we discounted the value of Warrior stock by 65 percent based upon some four factors. Petitioners contend that three of the four factors apply to the other assets of WOC, so a discount of 75 percent of 65 percent, or 48.75 percent, is appropriate in place of the 20 percent that respondent uses. We disagree with petitioners. In our prior opinion, we valued only Warrior stock. We did so based upon petitioners' opening statement and statements in their brief that "[t]he value of the other assets of Warrior Oil Company other than its stock in Warrior International Corporation is not in dispute." Brief for the Petitioners, p. 6 (Requested Finding of Fact number 6). See also Brief for the Petitioners, p. 3 and Transcript, pp. 12 and 13. Petitioners had, therefore, conceded respondent's notice of deficiency determinations regarding the value of the other assets of WOC. That value included the 20 percent discount used in the notice of deficiency. The issues of what are the appropriate factors *387 to consider in discounting the value of these WOC assets and the weight to be ascribed to each factor were not addressed in our prior opinion. A Rule 155 computation is not the appropriate place to raise a new issue. Rule 155(c); Cloes v. Commissioner,supra.
Petitioners' estate tax computation includes a deduction of $371,637 for additional administration expenses and interest. Respondent apparently does agree that some amount is allowable, but claims that petitioner have not substantiated the proper amount. Respondent asserts that the parties should be able to agree on the correct amount of these deductions once the other disputed items are resolved. We agree with respondent on this point and fail to understand why petitioners have not yet presented to respondent the required substantiation. In petitioners' response to the notice of respondent's objection to petitioners' computations under Rule 155 filed on March 15, 1985, petitioners stated that they "shall present timely proof of payment of these expenses to the Internal Revenue Service." We remind petitioners that we are currently at the Rule 155 stage of this proceeding and that the time to present *388 such proof is now. Based upon the foregoing, the parties will be directed to submit a revised agreed computation and proposed decision under Rule 155. [3]
An appropriate order will be entered.
Footnotes
1. All Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated. ↩
2. The balance sheet for Warrior that was attached to the notice of deficiency listed a number of assets. In our opinion, however, we found as a fact that, for purposes of deciding the valuation issue, Warrior's interest in the production contracts was its sole asset (slip opinion pp. 8 and 12). In valuing Warrior stock, we did not rely upon the unaudited financial statements submitted by the parties because we viewed them as an unreliable indicator of value. (See slip opinion, p. 56, footnote 43).↩
3. With regard to the appropriate deduction for attorneys' fees and interest incurred at or after trial, Rule 156 provides that a party may move to reopen the case for further trial on that issue if the parties in an estate tax case are unable to agree upon the deduction under Rule 155.↩