ALLAN MOLASKY AND GLORIA MOLASKY, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 473-86.          Filed September 26, 1988.

*Howard A. Wittner,* for the petitioners.
*Robert J. Burbank,* for the respondent.

OPINION

FAY, *Judge:* This case comes before us on the parties' respective Rule 155[1] computations for entry of decision. The sole issue for decision is whether petitioners are entitled to utilize income averaging in computing, pursuant to Rule

---

[1] Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code of 1954 as amended and in effect during the taxable year in issue.

155, the amount to be entered in the decision of deficiency against petitioners with respect to their 1981 taxable year.

Trial of this case took place on June 11, 1987. Petitioners appeared and were represented by counsel. The taxable year before the Court was 1981. The only item which was placed in dispute by the pleadings, and which was the subject matter of such trial was whether, and to what extent, petitioner Allan Molasky recognized income in 1981 under section 61(a) for payments allocated to a covenant not to compete in connection with a sale of a distributorship.

On April 25, 1988, the Court issued its opinion, *Molasky v. Commissioner*, T.C. Memo. 1988-173, in which we held that of the $354,200 allocated to, and paid for, a covenant not to compete, $324,000 was attributable to petitioners' covenant, and was, accordingly, taxable to petitioners. The Court directed that "Decision will be entered under Rule 155."

Because the parties could not reach an agreement as to the proper amount for which a decision of deficiency should be entered, on June 22, 1988, respondent submitted his computations of the proper deficiency for entry of decision under Rule 155(b).[2] Respondent's computations set forth a deficiency of $187,649. On July 25, 1988, petitioners filed an objection to respondent's computations and submitted alternative computations. In their computations, petitioners asserted that they were entitled to income averaging for the year before the Court based upon that year's taxable income and the taxable income of the 4 immediately preceding tax years, i.e., 1977 through 1981, under section 1301 et seq. In support of their claim, petitioners merely attached their computations for income averaging which

---

[2]Rule 155(b) provides:

"the parties are not in agreement as to the amount of the deficiency, liability, or overpayment to be entered as the decision in accordance with the findings and conclusions of the Court, either of them may file with the Court a computation of the deficiency, liability, or overpayment believed by him to be in accordance with the Court's findings and conclusions. The Clerk will serve upon the opposite party a notice of such filing accompanied by a copy of such computation. If the opposite party fails to file objection, accompanied or preceded by an alternative computation, on or before a date specified in the Clerk's notice, the Court may enter decision in accordance with the computation already submitted. If in accordance with this Rule computations are submitted by the parties which differ as to the amount to be entered as the decision of the Court, the parties may, at the Court's discretion, be afforded an opportunity to be heard in argument thereon and the Court will determine the correct deficiency, liability, or overpayment and will enter its decision accordingly."

alleged that petitioners had taxable income of zero for taxable years 1977 through 1980. As evidence of such zero taxable income for 1977 and 1978, petitioners stated:

Petitioners to (sic) not have in their possession U.S. tax returns for the years 1977 and 1978; and therefore, the income reported for these years [i.e., zero] is to the best of their knowledge. Petitioners are requesting copies of these returns and will amend the computation, if necessary.

Petitioner's assertion that they were entitled to income averaging for the year before the Court had not been previously raised either in the tax return at issue, the pleadings, or at trial. On August 8, 1988, respondent filed an objection to petitioners' computations, arguing that petitioners' assertion, that they were entitled to income averaging, was a "new issue" which petitioners were prohibited from raising under Rule 155(c).

The sole issue for decision is whether petitioners are entitled to utilize income averaging under sections 1301-1305 in computing the amount to be entered in the decision of deficiency with respect to petitioners' 1981 taxable year.[3]

Rule 155(c) provides:

Limit on Argument: Any argument under this Rule will be confined strictly to consideration of the correct computation of the deficiency, liability, or overpayment resulting from the findings and conclusions made by the Court, and no argument will be heard upon or consideration given to the issues or matters disposed of by the Court's findings and conclusions or to any *new issues*. This Rule is not to be regarded as affording an opportunity for retrial or reconsideration. [Emphasis added.]

In general, Rule 155 is the mechanism by which we are "enabled to enter a decision for the dollar amounts of deficiencies and/or overpayments resulting from the disposition of the issues involved in a case where those amounts cannot be readily determined." *Cloes v. Commissioner*, 79 T.C. 933, 935 (1982). The Rule 155 computation process is not intended to be one by which a party may either relitigate those issues which had previously been litigated at trial, or raise for the first time issues which had not previously been addressed. See *Cloes v. Commissioner*,

---

[3]Secs. 1301-1305 were repealed by the Tax Reform Act of 1986, effective for taxable years beginning after Dec. 31, 1986. 100 Stat. 2117.

*supra; Estate of Papson v. Commissioner,* 74 T.C. 1338, 1340 (1980).

Clearly, on the basis of this record, petitioners' claim that they are entitled to income averaging is a "new issue" which would necessitate retrial or reconsideration, as such was neither placed in issue by the pleadings, addressed as an issue at trial, nor discussed by this Court in its prior opinion. Indeed, even if the issue had been raised at trial, it could not have been decided based on the record in this case, as such record does not include any information from which petitioners' 1977, 1978, 1979, or 1980 income might be determined. Cf. *Combs v. United States,* 490 F. Supp. 19 (E.D. Ky. 1978), affd. on this issue 655 F.2d 90 (6th Cir. 1981); *Hoskings v. Commissioner,* 62 T.C. 635 (1974). It goes without saying that petitioners' post-trial submission of a computation of income averaging, such being based upon the unsupported allegations of petitioners, does not satisfy any form of evidentiary requirement with respect to such years' taxable income. Such being the case, petitioners are prohibited from raising the issue of their entitlement to income averaging for the first time in the context of a Rule 155 proceeding.

Accordingly, because petitioners' only objection to respondent's computation for entry of decision is based upon a claim for entitlement to income averaging, and because petitioners are prohibited from raising such claim as it is a new issue within the meaning of Rule 155(c),

*Decision will be entered under Rule 155 in accordance with respondent's computation.*