VICTOR F. HIMMELWRIGHT, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Himmelwright v. Commissioner
Docket No. 5811-87
United States Tax Court
T.C. Memo 1989-587; 1989 Tax Ct. Memo LEXIS 587; 58 T.C.M. (CCH) 551; T.C.M. (RIA) 89587; October 30, 1989
James J. Mahon, for the petitioner. Daniel O'Brien and William S. Garafolo, for the respondent. WHALEN
MEMORANDUM OPINION WHALEN, Judge: This case comes before us to resolve a dispute between the parties over their computations made pursuant to Rule 155 of the Tax Court Rules of Practice and Procedure (referred to later as Rule 155). The sole difference between the computations is found in the treatment of certain pre-1970 capital losses. Petitioner claims that such losses reduce his 1982 net capital gain from the amount reported on his return, $ 35,368.88, to $ 25,018.34 , and that respondent's computation *588 incorrectly fails to take the losses into account. Respondent asserts that petitioner's claim is a new issue which cannot properly be addressed in a proceeding under Rule 155. We agree with respondent. This case was tried on January 12, 1989, in New York City. At issue was respondent's determination of the following deficiency in, and additions to, petitioner's Federal income tax: Substantial
Negligence
Negligence
Understatement
Taxable
Addition
Addition
Addition
Year
Deficiency
§ 6653(a)(1) [1]
§ 6653(a)(2)
§ 6661
1982
$ 219,060.00
$ 10,953.45
50 percent of
$ 21,906.00
the interest due
on $ 219,060.00
In his notice of deficiency, respondent computed the above tax deficiency by adding adjustments totaling $ 482,203.58 to the taxable income reported on petitioner's 1982 income tax return, which consisted of a loss in the amount of $ 25,022.18. The adjustments thus determined consisted of the amounts by which respondent reduced or disallowed various deductions claimed on petitioner's return, and the amounts by which he increased *589 petitioner's dividend income, interest income, and Schedule C income from his medical practice. Respondent did not make any adjustment to the net capital gain of $ 35,368.88 reported by petitioner on his 1982 return. In his petition, petitioner asserted that respondent erred by reducing or disallowing the subject deductions and by increasing petitioner's income. Petitioners did not mention the computation of net capital gain in his petition. After a number of concessions had been made by the parties, the only issues remaining for submission to the Court at trial involved the substantiation of various deductions disallowed or reduced by respondent. Petitioner was the only witness to testify at trial. Neither petitioner nor his attorney said anything about the computation of his net capital gain for 1982. After both parties had rested their cases, the Court rendered a bench opinion for respondent and stated as follows: Petitioner bears the burden of proof as required by Rule 142 of the Rules of Practice and Procedure of this Court. In order to prevail, petitioner must provide credible evidence that respondent's determinations were not correct. I have listened to Dr. Himmelwright's *590 testimony in this case and I have observed his demeanor as a witness and I have evaluated his credibility. I find no credible evidence in this case on the basis of which the petitioner can prevail. Accordingly, I find all of the unagreed issues for respondent, and a decision under Rule 155 will be necessary. In making his computation under Rule 155, respondent did not change the net capital gain reported on petitioner's 1982 return, $ 35,368.88. Such amount consists of the net long-term capital gain which petitioner reported to have realized during 1982, $ 88,422.21, less the 60-percent deduction for capital gains under section 1202. Petitioner's computation, on the other hand, proposes reducing the net capital gain from the amount reported to $ 25,018.34. Petitioner arrives at this lower amount by first offsetting net long-term capital gain for 1982, $ 88,422.21, with pre-1970 short-term capital losses of $ 5,678.58 and pre-1970 long-term capital losses of $ 20,197.77, and then applying the 60-percent deduction under section 1202 to the remainder. It is clear that respondent made no adjustment to net capital gain in his notice of deficiency, and instead accepted the amount *591 reported on petitioner's return, $ 35,368.88. At no time before or during trial did petitioner put respondent or the Court on notice of his contention that this amount should be less on the ground that he is eligible to carry over pre-1970 capital losses. This contention constitutes a new issue which we cannot now consider without violating the prohibition contained in Rule 155(c) that "no argument will be heard upon or consideration given to any new issues" in connection with proceedings under the Rule. See, e.g., Molasky v. Commissioner, 91 T.C. 683 (1988), on appeal (8th Cir., Nov. 4, 1988); Cloes v. Commissioner, 79 T.C. 933 (1982). Petitioner notes that the pre-1970 capital losses which he now seeks to utilize in computing his 1982 tax liability are shown on a Form 4798, Carryover of Pre-1970 Capital Losses, which was attached to and filed with his 1982 return. Based upon that fact, petitioner argues that it is respondent who is raising a new issue by seeking to "disallow" the subject pre-1970 losses. Petitioner characterizes his failure to offset net capital gains with pre-1970 capital losses on his 1982 return as a "clerical error" or *592 a "mathematical error" which, he argues, can be corrected in a proceeding under Rule 155. We reject petitioner's argument as nothing more than a bold attempt to turn the tables on respondent. Petitioner would have us overlook the fact that the subject Form 4798 states, "pre-1970 capital losses are not utilized for 1982 tax calculations." This statement constitutes an unequivocal declaration that petitioner did not seek to take into account such pre-1970 capital losses in computing his net capital gain for 1982. In making such declaration, he disregarded the clear instructions on Form 4798 to the contrary and acted contrary to section 1222, which requires capital losses, including pre-1970 capital losses which are carried over pursuant to section 1212(b)(3), to be netted against capital gains in computing net capital gain or net capital loss for the year. Even if clerical and mathematical errors can be corrected in a proceeding under Rule 155, as petitioner argues, it is clear petitioner's failure to utilize pre-1970 capital losses in computing of net capital gain for 1982 does not fall in that category. In light of petitioner's declaration on Form 4798, respondent had no reason *593 to review petitioner's eligibility to carryover pre-1970 capital losses and there is no evidence that he did so. The fact is that respondent accepted the net capital gain reported by petitioner for 1982. Petitioner then failed to raise any issue about the computation of net capital gain or his alleged eligibility to carryover pre-1970 capital losses in his petition or at any time before or during trial. At no time before or during trial did petitioner do anything to put respondent on notice that his position had changed from that expressed on Form 4798 and that he claimed eligibility for pre-1970 capital losses. In view of the above, we conclude that petitioner's proposed computation raises an impermissible "new issue" for purposes of Rule 155. Decision will be entered in accordance with respondent's computation. Footnotes
1. All section references are to the Internal Revenue Code, as amended.↩