953 F.2d 1391
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Jack D. OLIVER, Petitioner-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 91-9004.
 United States Court of Appeals, Tenth Circuit.
 Jan. 23, 1992.
 
 Before JOHN P. MOORE, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner appeals the decision of the Tax Court ordering that he pay the balance of a deficiency assessment. Petitioner argues the Tax Court erred in failing to take into account a stipulation for settlement when making its decision. We affirm.
 
 
 3
 Petitioner and many others participated in a tax shelter entitled "Gold for Tax Dollars" which was promoted by the International Monetary Exchange. The details of the tax shelter are described in Saviano v. Commissioner, 765 F.2d 643 (7th Cir.1985), and in Gray v. Commissioner, 88 T.C. 1306 (1987), aff'd sub nom. Becker v. Commissioner, 868 F.2d 298 (8th Cir.1989), and Adkins v. Commissioner, 875 F.2d 137 (7th Cir.1989), and Kennedy v. Commissioner, 876 F.2d 1251 (6th Cir.1989). In Saviano and Gray, the Tax Court disallowed certain mining expense deductions to other taxpayers who had participated in the tax shelter. In Gray, the Tax Court concluded the tax shelter was a fraudulent factual sham. 88 T.C. at 1323.
 
 
 4
 On his 1979 tax return, Petitioner claimed a deduction for mining expenses. The Commissioner issued a notice of deficiency for $32,556.68 in 1982. Petitioner petitioned the Tax Court for redetermination of the deficiency. When the case was called for trial in 1985, the parties reported to the court that they had reached a basis for settlement.
 
 
 5
 The Commissioner attempted on three occasions to have Petitioner sign a settlement agreement in order to file a stipulated decision with the Tax Court. Petitioner did not execute the settlement.
 
 
 6
 Because Petitioner did not execute the settlement, the Commissioner filed a Motion for Order to Show Cause why Gray did not apply to the case. The Tax Court entered an order directing Petitioner to show cause why Gray was not determinative of the mining expense deduction issue. Petitioner did not respond to the Order to Show Cause. Because Petitioner failed to offer evidence that his transaction differed from those described in Gray, the Tax Court concluded that Petitioner's transactions were not materially different from those in Gray and that Gray was dispositive. The Tax Court ordered the parties to submit computations for entry of decision. See Tax Ct. R. 155.
 
 
 7
 The Commissioner sent a proposed Computation for Entry of Decision to Petitioner. Receiving no response from Petitioner, the Commissioner filed the proposed computation with the Tax Court. Subsequently, Petitioner filed an objection and proposed computation indicating that a prior stipulation of settlement applied for calculation of the computation. The Tax Court rejected Petitioner's proposed computation and determined the Commissioner's computation was correct.
 
 
 8
 On appeal, Petitioner argues that the Tax Court incorrectly failed to incorporate the stipulation for settlement into its decision. After reviewing the record on appeal, we conclude the Tax Court did not abuse its discretion in failing to incorporate the alleged settlement into its decision.
 
 
 9
 When the Tax Court withholds a decision in a case in order for the parties to submit computations pursuant to its determination of the issues, Rule 155(a), the parties
 
 
 10
 will be confined strictly to consideration of the correct computation of the deficiency ... resulting from the findings and conclusions made by the Court, and no argument will be heard upon or consideration given to the issues or matters disposed of by the Court's findings and conclusions or to any new issues.
 
 
 11
 Rule 155(c); see Paccar, Inc. v. Commissioner, 849 F.2d 393 399-400 (9th Cir.1988). Petitioner did not assert that his case had been settled until after the Tax Court determined the merits of the case. Petitioner first alleged settlement when he filed his proposed computation. Because Petitioner failed to show that the settlement evidence was not available to him in time to present it before the Tax Court considered the merits, Bankers' Pocahontas Coal Co. v. Burnet, 287 U.S. 308, 313 (1932), and because all the facts were known by Petitioner at the time he was asked to respond to the order to show cause, cf. Cloes v. Commissioner, 79 T.C. 933, 937 (1982) (petitioner could have pleaded issue and presented evidence at trial), the Tax Court did not abuse its discretion in not considering the evidence, see Molasky v. Commissioner, 897 F.2d 334, 338 (8th Cir.1990).
 
 
 12
 Moreover, Petitioner failed to prove that a settlement actually had been entered into by the parties. The record does not show that an executed stipulated settlement was filed in the Tax Court. Rather, the record shows that the settlement offer lapsed when Petitioner failed to execute settlement documents. Because the record fails to show that a settlement was actually entered into, the Tax Court did not err by rejecting Petitioner's proposed computations.
 
 
 13
 The judgment of the United States Tax Court is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3