T.C. Memo. 1996-172

UNITED STATES TAX COURT

CENTRAL PENNSYLVANIA SAVINGS ASSOCIATION AND SUBSIDIARIES
n.k.a. GREAT VALLEY SAVINGS BANK, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent*

Docket No. 19498-89.                    Filed April 10, 1996.

<u>Zachary P. Alexander</u> and <u>James F. Podheiser</u>, for petitioner.

<u>Thomas M. Rath</u>, for respondent.

SUPPLEMENTAL MEMORANDUM OPINION

TANNENWALD, <u>Judge</u>:  This case is again before us because of
differing computations for entry of decision under Rule 155
submitted to implement our earlier opinion (104 T.C. 384 (1995)).

———————————

* This opinion supplements <u>Central Pennsylvania Savings
Association v. Commissioner</u>, 104 T.C. 384 (1995).

In that opinion, we held that petitioner was required to take net operating losses into account in computing additions to its bad debt reserve under the percentage of taxable income method set forth in section 593(b)(2)(A).[1]  In so doing, we upheld such requirement as provided in section 1.593-6A(b)(5)(vi) and (vii), Income Tax Regs.

Respondent's computation is based upon the use of the percentage of taxable income method.  Petitioner's computation for some of the years involved is based upon the use of the experience method, an alternative method permitted by section 593(b)(4).  Respondent objects to petitioner's use of the experience method on the ground that it raises a new issue not permitted under the principles governing the operation of Rule 155.  We agree with respondent.

The prior proceeding herein involved a motion for summary judgment by each party.  Both motions clearly stated that the only issue remaining in the case was whether net operating losses should be taken into account in determining petitioner's taxable income for the purpose of utilizing the percentage of taxable income method.  At no time, either in its pleadings, motion papers, or briefs, did petitioner assert that the experience method might produce a more favorable result than the percentage

---

[1]  All statutory references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

of taxable income method, if its position that net operating losses should not be taken into account in computing taxable income should be rejected, and therefore provide the basis for applying the limitation on the addition to the bad debt reserve under section 593(b)(1)(B).[2]

Clearly, the utilization of the experience method raises a new issue and one which would require the reopening of the record and the taking of additional evidence. Raising such an issue clearly is not permissible in a Rule 155 proceeding. Chilingirian v. Commissioner, 918 F.2d 1251, 1255 (6th Cir. 1990), affg. T.C. Memo. 1986-463; Cloes v. Commissioner, 79 T.C. 933 (1982) (taxpayer not permitted to use income averaging, raised for the first time in the Rule 155 computation, after losing the issue of includability of an item in income).[3] Petitioner attempts to avoid the impact of the foregoing circumstances by two assertions. First, it asserts that the determination of which of the two methods applies is mechanical and therefore is permitted in a Rule 155 proceeding citing Home Group, Inc. v. Commissioner, 91 T.C. 265, 268-271 (1988), affd. on another issue 875 F.2d 377 (2d Cir. 1989). In making this

---

[2] Sec. 593(b)(1)(B) provides that the addition to the bad debt reserve shall not exceed the larger of the amount produced by the percentage of taxable income and experience methods.

[3] See also Vest v. Commissioner, T.C. Memo. 1995-188; Estate of Street v. Commissioner, T.C. Memo. 1994-568, and cases discussed therein.

assertion, petitioner overlooks an essential element; namely that the mechanical application of the two methods must be preceded by a determination of the factual foundations for determining taxable income and experience. It is the foundation of petitioner's experience that is missing and would need to be supplied. In this connection, we note that apparently petitioner first utilized the experience method in certain of the years involved herein in Forms 1139 which it filed to claim tentative refunds. Those forms were never submitted in the prior proceeding and were brought to the attention of the Court for the first time as attachments to petitioner's objections to respondent's computation for entry of decision. Moreover, in its motion for summary judgment, petitioner represented that it had used the percentage of income method in filing its tentative refund application; i.e., its Forms 1139.[4] This representation

---

[4] The following is a quotation from the affidavit of its Executive Vice President and Chief Financial Officer in support of petitioner's motion for summary judgment:

> During certain of the taxable years ended December 31, 1968 through December 31, 1982, Petitioner calculated the annual addition to its reserve for bad debts under the percentage of taxable income method provided in §593(b)(2) of the Code and deducted such addition in each such taxable year on its federal income tax returns. In conjunction with Petitioner's filing of its Tentative Refund Applications stemming from its carryback of the NOL from the 1980 tax year (as well as NOLs from other tax years) to the tax years at issue herein, Petitioner, in redetermining its taxable income and federal income tax for such years, recomputed its allowable bad debt deductions under the percentage of taxable income method for such affected

led to the Court's inclusion of such use of the percentage of income method in its opinion.  See <u>Central Pennsylvania Savings Association v. Commissioner</u>, 104 T.C. 384,386 (1995).  Petitioner did not move to revise our opinion.  Under these circumstances, the oblique reference to "certain of the taxable years", see <u>supra</u> note 4, and the mere fact that the Forms 1139 were filed prior to the issuance of the notice of deficiency herein are simply insufficient to sustain petitioner's position.

Second, petitioner asserts that it is respondent who is raising the new issue because she did not include the experience method of calculation in her computation.  Whatever may be the situation where there is an alternative ground for supporting a deficiency, we see no reason to impose on respondent, after winning the case, an obligation to construct a lesser deficiency on a basis other than that represented to the Court as the sole issue for decision.  Cf. <u>Paccar, Inc. v. Commissioner</u>, 849 F.2d 393, 399 (9th Cir. 1988), affg. 85 T.C. 754 (1985).

We think it was incumbent upon petitioner to raise the use of the experience method as an alternative basis for calculating the additions to its bad debt reserves, in the event that its position as to the invalidity of respondent's regulations in

tax years in accordance with Treas. Reg. §1.593-6A(b)(5)(vi) and (vii) which requires that taxable income reflect any NOL carryback before deduction for the addition to the bad debt reserve is computed.  This recomputation resulted in a smaller loan loss reserve deduction.

respect of the impact of net operating losses on the percentage of income method was rejected.  If petitioner had done so, respondent and the Court would have had an opportunity to consider the appropriateness of a motion for summary judgment by either party and the possibility that the issue of the validity of respondent's regulations should have been disposed of by way of a motion to sever such issue.

The long and the short of the matter is that it is simply too late for petitioner to claim the use of the experience method of calculating the additions to its bad debt reserves for purposes of computing the deficiencies for the years at issue.

In view of the foregoing, respondent's computation for entry of decision is adopted.  Additionally, petitioner's motion to amend its petition to raise the experience method issue will be denied.

Decision will be entered in accordance with respondent's computation.