T.C. Memo. 1998-122


UNITED STATES TAX COURT


GARY B. AND KATHLEEN MITCHELL, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent[*]


Docket No. 20851-95.                     Filed March 30, 1998.


<u>Douglas Scott Maynard</u> and <u>Basis J. Boutris</u>, for petitioners.

<u>Michael F. Steiner</u> and <u>Dale A. Zusi</u>, for respondent.


SUPPLEMENTAL MEMORANDUM OPINION


GERBER, <u>Judge</u>:  As set forth in a November 3, 1997, opinion,
T.C. Memo. 1997-493, the parties were required to provide the

------

[*] This opinion supplements a previously released opinion:
<u>Mitchell v. Commissioner</u>, T.C. Memo. 1997-493.

Court with computations for entry of decision under Rule 155.[1] Differing computations were proffered, and we consider here which computation is correct. In our earlier opinion, we held that petitioners, under section 1034, were entitled to roll over a portion of the gain on the sale of their residence. We also specifically held that petitioners were not entitled to roll over $112,470 of improvements that were not commenced prior to the 2-year replacement deadline. Respondent's computation is based on the premise that the $112,470 was included in petitioners' original reporting of this transaction and that its elimination would therefore increase any income and any resulting deficiency. Petitioners, conversely, contend that respondent's premise is incorrect.

The difference in the parties' computations arises from petitioners' contention that the record does not expressly show that petitioners had included the $112,470 in their attempt to defer gain under section 1034 in the questioned transaction. Petitioners further contend that respondent, who bore the burden of proof on that aspect of the case, did not introduce evidence expressly showing that the improvements proven at trial were ever included in the replacement cost petitioners reflected on their return. Respondent asserts that petitioners' argument is not a

---

[1] Rule references are to the Tax Court Rules of Practice and Procedure, and section references are to the Internal Revenue Code in effect for the years in issue.

permissible subject of a Rule 155 computational proceeding.  See

Rule 155(c).  We agree with respondent.

Rule 155 is this Court's procedural mechanism to enable the

entry of a decision in specific dollar amounts attributable to

the Court's and parties' resolution/disposition of the issues in

a case.  Cloes v. Commissioner, 79 T.C. 933, 935 (1982).

Paragraph (c) of Rule 155 provides:

> (c) Limit on Argument: Any argument under this
> Rule will be confined strictly to consideration of the
> correct computation of the deficiency, liability, or
> overpayment resulting from the findings and conclusions
> made by the Court, and no argument will be heard upon
> or consideration given to the issues or matters
> disposed of by the Court's findings and conclusions or
> to any new issues.  This Rule is not to be regarded as
> affording an opportunity for retrial or
> reconsideration.

Issues that have been litigated at the trial of a case may

not be relitigated in connection with the entry of decision under

Rule 155.  Cloes v. Commissioner, supra.  Our prior opinion

expressly concludes that petitioners, on their return, claimed

$112,470 in renovations as part of the cost of their new

residence.  Mitchell v. Commissioner, T.C. Memo. 1997-493.  We

find petitioners' argument surprising considering that they

vigorously, and at some length, argued that the renovations in

question were completed prior to the 2-year replacement

deadline.[2]

---

[2] We note that petitioners did not file a motion for
(continued...)

The pleadings, motions, other pretrial documents, and trial record are without reference to the question of whether petitioners included the renovations in their computation of the cost of their new residence on their tax return.  This question did not arise until petitioners first mentioned it in their posttrial reply brief and again in their Rule 155 computation.  Petitioners' attempt to raise a new matter or create a fact controversy at either juncture of the proceeding is both inappropriate and untimely.  Petitioners are not permitted to raise questions concerning fact findings during the Court's Rule 155 process.  Southern Pac. Transp. Co. v. Commissioner, 82 T.C. 122, 127 (1984).

To reflect the foregoing,

>              Decision will be entered in
>              accordance with respondent's
>              computation.

---

²(...continued)
reconsideration of findings or opinion under Rule 161, either within or without the 30-day limit of that Rule.