T.C. Memo. 2006-214


UNITED STATES TAX COURT


K & M LA BOTICA PHARMACY,
INCORPORATED, ET AL.,[1] Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent[*]


Docket Nos. 10500-99, 17346-99,     Filed October 4, 2006.
            17725-99,  8134-00.


<u>Larry M. Bakman</u> and <u>Ronald S. Marks</u>, for petitioners.

<u>Ric D. Hulshoff</u>, <u>Loren B. Mark</u>, <u>Ronald S. Chun</u>, <u>Angelique M.
Neal</u>, and <u>Daniel M. Whitley</u>, for respondent.

---

[*]  This Supplemental Memorandum Opinion supplements our
prior opinion in <u>K & M La Botica Pharmacy, Inc. v. Commissioner</u>,
T.C. Memo. 2005-277.

[1] Cases of the following petitioners are consolidated
herewith:  Khaled Ahmed, docket No. 17346-99; Khaled Ahmed,
docket No. 17725-99; and K & M La Botica Pharmacy, Inc., docket
No. 8134-00.

SUPPLEMENTAL MEMORANDUM OPINION

SWIFT, <u>Judge</u>:  This matter is before us on the parties'
dispute as to entry of decisions pursuant to Rule 155.

Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect for the years in issue, and
all Rule references are to the Tax Court Rules of Practice and
Procedure.

In our prior opinion, we held that for 1995 and 1996
petitioner K & M La Botica, Inc. (K & M), and for 1995, 1996, and
1997 petitioner Khaled Ahmed (Ahmed) were liable under section
6663(a) for civil fraud, and we held that for 1998 Ahmed was
liable under section 6651(f) for civil fraud.

At trial, the parties, among other things, stipulated that
for 1997 and 1998 several corporations associated with Ahmed were
to be treated as Ahmed's nominees and that the nominee
corporations' income and expenses were to be attributed to Ahmed
individually.[2]  The parties also stipulated the amounts of income

---

[2]  In the parties' stipulation, the parties also stipulated
that the mere fact that Ahmed had conceded the nominee status of
the various corporations would have no bearing on the issue of
fraud.  The stipulation, however, expressly preserved
respondent's right to argue, and the Court to find, that the
corporations in fact constituted Ahmed's nominees and that such a
finding could be used to support a finding of fraud.  In our
prior opinion, and independently of the parties' stipulation, we
made specific findings of fact that the corporations were Ahmed's
nominees, and we went further.  We found as follows:

(continued...)

and expenses to be charged to each petitioner for each year in issue.

As a result of the above stipulations, the parties represented to the Court that the Court needed to decide only whether petitioners for the years in issue were liable for civil fraud.

Ahmed, however, in his pending Rule 155 computations and related briefs makes several meritless arguments in an apparent attempt to alter the parties' stipulations. For example, Ahmed argues that he is entitled to additional deductions, that different amounts of income should be charged to Ahmed than the amounts reflected in the parties' stipulations, that in certain years Ahmed should compute his individual income tax liability as if he were a corporation, and that respondent should not be allowed to submit computations that differ from respondent's proof of claims filed previously with the Bankruptcy Court.

---

[2](...continued)
Hereinafter, we sometimes refer to the above entities formed by Ahmed as the "nominee entities" -- reflecting the fact that Ahmed, during at least 1997 and 1998, personally and solely managed and controlled essentially all significant aspects of the operations and activities of the pharmacies, the medical clinics, and the medical laboratory; that Ahmed treated the nominee entities as his alter ego; and that for Federal income tax purposes for 1997 and 1998 all income and expenses of the nominee entities are to be charged to Ahmed personally.

We reject each of Ahmed's arguments. Rule 155 proceedings cannot be used to raise new issues that were not litigated at the trial of a case or to relitigate issues that were previously decided. Rule 155(c); Molasky v. Commissioner, 91 T.C. 683, 685 (1988), affd. on this issue 897 F.2d 334 (8th Cir. 1990); Cloes v. Commissioner, 79 T.C. 933, 935 (1982).

Below we address in more detail disputed items relating to the parties' respective Rule 155 computations.[3]

## Ahmed 1997 Section 6651(a)(1) Addition to Tax

Ahmed untimely filed his and his wife's 1997 joint Federal income tax return. The parties did not stipulate, nor did we decide in our opinion, whether for 1997 Ahmed is liable for the section 6651(a)(1) addition to tax determined by respondent in the notice of deficiency.

Ahmed, however, did not introduce evidence at the trial, and he did not argue on brief, that he had reasonable cause for failure to timely file his 1997 joint Federal income tax return. Arguments not made on brief may be deemed abandoned. Mendes v. Commissioner, 121 T.C. 308, 312-313 (2003). We treat Ahmed as having abandoned this issue.

---

[3] Some items we address for purposes of clarification, even though they may not be appropriately raised in this Rule 155 proceeding.

For 1997, Ahmed is liable for the section 6651(a)(1) addition to tax.

Ahmed 1998 Section 6651(f) Addition to Tax

Ahmed now alleges, for the first time, that he obtained an extension until October 15, 1999, to file his and his wife's 1998 joint Federal income tax return.  Because he filed the 1998 return on September 24, 1999, Ahmed contends that he should not be held liable for a section 6651(f) fraudulent failure to file addition to tax.

In his petition, although Ahmed made a general claim that he timely filed his Federal income tax returns for 1995 through 1998, Ahmed did not specifically assign error to respondent's imposition of the section 6651(f) addition to tax for 1998 based on an alleged extension of time to file.

Further, at trial, on brief, and in his proposed findings of fact, Ahmed did not assert that he obtained a valid extension of time to file his 1998 joint Federal income tax return, nor did Ahmed argue that the alleged extension made imposition of the section 6651(f) addition to tax inappropriate.

We conclude that Ahmed abandoned this argument.  See Mendes v. Commissioner, supra.

Further, to be valid, Form 4868, Application for Automatic Extension of Time To File U.S. Individual Income Tax Return, must show the full amount properly estimated as tax for the year.

Sec. 1.6081-4(a)(4), Income Tax Regs.  If the estimate of tax is not reasonable, then the extension request, even if granted, will be void.  <u>Clayton v. Commissioner</u>, 102 T.C. 632, 651 (1994).

Ahmed did not introduce into evidence the allegedly filed Form 4868, and we are therefore unable to determine whether Ahmed reasonably estimated his 1998 tax liability.  We infer from Ahmed's failure to introduce the allegedly filed Form 4868 that the evidence would be detrimental to Ahmed.  See <u>Wichita Terminal Elevator Co. v. Commissioner</u>, 6 T.C. 1158, 1165 (1946), affd. 162 F.2d 513 (10th Cir. 1947).

For purposes of computing Ahmed's 1998 section 6651(f) fraudulent failure to file addition to tax, Ahmed's 1998 joint Federal income tax return is to be treated as filed untimely.[4]

Self-Employment Taxes

Ahmed argues that for 1997 and 1998 self-employment taxes should not be imposed on the stipulated collapsed income charged to him from the nominee corporations.

Section 1401(a) imposes a self-employment tax on individuals' self-employment income.  Self-employment income is defined as the "net earnings from self-employment", which is

---

[4]  Ahmed, in his Rule 155 computation, made several alternative arguments relating to the length of the applicable period for computing the sec. 6651(f) addition to tax.  Ahmed's arguments are without merit, and Ahmed's 1998 joint Federal income tax return is to be treated as filed more than 5 months past the due date.

defined as the net income derived by an individual from any trade or business carried on by such individual. Sec. 1402(a) and (b). Exceptions from inclusion in net earnings from self-employment are construed narrowly. Johnson v. Commissioner, 60 T.C. 829, 833 (1973).

As explained in our prior opinion, because he completely controlled all aspects of the nominee corporations and because he treated the nominee corporations as his alter ego in connection with his trade or business of providing medical services and products and other related activities, Ahmed earned the income that was collapsed and charged to him personally. Because Ahmed earned the collapsed income in his trade or business, the income constitutes net earnings from self-employment and thus self-employment income.

As explained, at trial Ahmed stipulated that the collapsed income from the nominee corporations would be treated as earned by Ahmed individually. The stipulation does not indicate that the collapsed trade or business income should be treated differently from other trade or business income earned by Ahmed.

Respondent, in his notice of deficiency, determined that self-employment taxes should be imposed on income collapsed from the nominee corporations. On brief, Ahmed did not specifically argue that respondent improperly imposed self-employment taxes on the collapsed income, and we therefore conclude that Ahmed

abandoned this argument.  See <u>Mendes v. Commissioner</u>, 121 T.C. at 312-313.

Further, even though Ahmed now argues that he should not be liable for self-employment taxes, on the initial computations that Ahmed submitted to the Court, Ahmed himself calculated self-employment taxes on the collapsed income.

Crediting of Nominee Payments for Purposes of Determining the
<u>Penalty and Additions to Tax for 1997 and 1998</u>

In calculating Ahmed's 1997 and 1998 penalty and additions to tax, neither party in the initial Rule 155 computations credited Ahmed for the nominee corporations' 1997 and 1998 income tax payments.

We conclude that because Ahmed is being charged with the nominee corporations' income and expenses, in calculating Ahmed's 1997 and 1998 penalty and additions to tax, it is appropriate to credit Ahmed individually with the amounts paid by the nominee corporations as Federal income taxes for each year.  Ahmed is to be so credited.[5]

---

[5]  In calculating Ahmed's 1997 sec. 6651(a)(1) and 1998 sec. 6651(f) additions to tax, Ahmed is to be credited only with those payments made by the nominee corporations prior to the due dates of Ahmed's respective Federal income tax returns.  See sec. 6651(b)(1).

Income Tax Payments and Application

The parties disagree as to the income tax payments to be credited to Ahmed.  After reviewing the parties' computations, it appears that respondent's computations correctly reflect the income tax payments to be credited to Ahmed.  We so hold.

We have considered all arguments made herein by Ahmed, and, to the extent not addressed, we conclude that they are without merit or are irrelevant.

To reflect the foregoing,

Appropriate decisions

will be entered.