KENNETH C. HILL AND PHYLLIS J. HILL, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 26896-88.        Filed October 18, 1990.

*Richard L. Levin,* for the petitioners.
*Timothy S. Murphy,* for the respondent.

OPINION

HALPERN, *Judge:* * By statutory notice dated July 14, 1988, respondent determined deficiencies in petitioners' Federal income tax and additions to tax as follows:

| | | Additions to tax | | |
|---|---|---|---|---|
| Year | Deficiency | Sec. 6653(a)(1)[1] | Sec. 6653(a)(2) | Sec. 6661 |
| 1982 | $45,591.83 | $2,795.24 | 50 percent of interest due on $55,904.83[2] | $13,976.21 |
| 1983 | 7,611.40 | 964.45 | 50 percent of interest due on $19,289.40[2] | 4,822.25 |
| 1984 | 1,890.00 | 386.80 | 50 percent of interest due on $7,736.00[2] | 1,934.00 |

---

*By order of the Chief Judge, this case was reassigned to Judge James S. Halpern for disposition.

[1]Unless otherwise noted, all section references are to the Internal Revenue Code of 1954 as amended and in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2]There is no explanation in the record for why respondent's determination of the sec. 6653(a)(2) additions is based upon figures of $55,904.83, $19,289.40, and $7,736.

The parties each have made numerous concessions. The only issue remaining for decision is whether respondent may recompute the tax for a prior year, for which an assessment is barred by the statute of limitations, and, because of an increase in the tax so recomputed, reduce the amount of unused investment credit carried over to a subsequent year.

This case was submitted fully stipulated under Rule 122. The stipulation of facts, a supplemental stipulation of facts, and attached exhibits are incorporated by this reference.

Petitioners resided in Riverdale, Michigan, at the time of filing their petition.

On their 1981 Federal income tax return, petitioners correctly computed a tentative investment tax credit of $65,677. Petitioners reported a pre-credit tax liability of $12,597 and claimed an investment tax credit in the same amount. Petitioners were thus left with an unused investment credit, which was available for carryback or carryover. See sec. 46(a)(3) and (b)(1). Subsequently, petitioners filed an application for tentative refund in order to carry back a portion of the unused 1981 investment credit to taxable years 1978, 1979, and 1980 and claimed on their 1982 income tax return a carryover of unused 1981 investment credit in the amount of $38,673.

As part of his audit of petitioners' Federal income tax returns for taxable years 1982, 1983, and 1984, respondent examined petitioners' 1981 return. With respect to 1981, respondent concluded that petitioners had failed to report $20,344 in rental income and to claim additional depreciation of $2,189. Consequently, respondent computed an increase of $8,993 in petitioners' 1981 Federal income tax liability, such computation being made without regard to any investment credit unused by petitioners in making their original return for 1981. Those amounts are not in dispute. In determining petitioners' unused investment credit carried over to 1982, respondent reduced that carryover by $8,993, the amount that respondent had computed as petitioners' increased (pre-credit) liability for 1981. That reduction gave rise to an equal increase in tax liability for 1982, which respondent determined as a deficiency for that year. At the time respondent concluded his examination for 1981, he was barred from assessing or collecting any tax for that year

because the period of limitations for such year had expired. Sec. 6501(a).

Petitioners argue that, for us to sustain a deficiency of $8,993 for 1982 based on respondent's reduction of petitioners' investment credit unused in 1981, we must, as a preliminary matter, determine that petitioners' tax for 1981 was underpaid, something that we have no authority to do. See sec. 6214(b). Alternatively, petitioners argue that if we were to sustain a deficiency of $8,993 for 1982, based on a reduction of petitioners' investment credit unused in 1981, any assessment made by respondent with respect to that deficiency would be tantamount to an assessment for a closed year (1981) and, thus, violative of section 6501(a). We will deal with each argument in turn.

*Section 6214(b)*

In pertinent part, section 6214(b) provides as follows:

The Tax Court in redetermining a deficiency of income tax for any taxable year * * * shall consider such facts with relation to the taxes for other years * * * as may be necessary correctly to redetermine the amount of such deficiency, but in so doing shall have no jurisdiction to determine whether or not the tax for any other year * * * has been overpaid or underpaid.

While petitioners correctly state that section 6214(b) gives us no authority to determine an underpayment of tax for 1981, a year for which no deficiency has been determined, petitioners cannot ignore our authority under that same section to: "consider such facts with relation to * * * taxes for other years * * * as may be necessary correctly to redetermine the amount of * * * deficiency [for the year for which a deficiency has been determined]." We have distinguished our authority under section 6214(b) to compute a tax for a year not before the Court from our lack of authority under that same section to "determine" a tax for such year. In *Lone Manor Farms, Inc. v. Commissioner,* 61 T.C. 436, 440 (1974), affd. without published opinion 510 F.2d 970 (3d Cir. 1975), we stated that section 6214(b) "does not prevent us from computing, as distinguished from 'determining,' the correct tax liability for a year not in issue when such a computation is necessary to a determination of the correct tax liability for a year that has been placed in

issue." Also, we have held that respondent can recompute the amount of an unused investment credit carryover from a barred year in order to determine the tax due for an open year. *Mennuto v. Commissioner,* 56 T.C. 910, 923 (1971); see also *Fortin v. Commissioner,* T.C. Memo. 1989-353; *Brock v. Commissioner,* T.C. Memo. 1982-335.

Petitioners ignore *Lone Manor Farms,* and would seek to distinguish *Mennuto.* In *Mennuto,* Electro-Finish Corp. (EFC), the corporate taxpayer, claimed an investment credit on its return for its 1966 taxable year. A portion of that credit remained unused in 1966 and was carried by EFC to 1967. The period for assessing deficiencies against EFC for 1966 expired without any deficiency having been assessed. In his notice of deficiency sent to EFC for 1967, however, respondent recomputed and disallowed in part the unused investment credit carried over from 1966 and claimed by EFC in 1967. The only question for decision was whether respondent could recompute the amount of an unused investment credit carryover from a barred year (1966) in order to determine the tax due for an open year (1967). Respondent's position was in accord with that which he had adopted in Rev. Rul. 69-543, 1969-2 C.B. 1. We found support for respondent's position in numerous cases dealing with net operating losses, which established the proposition that it is proper, when determining a deficiency for an open year, to recalculate the amount of a net operating loss carryover from a barred year. In sustaining respondent, we stated:

The fact that a net operating loss carryover is applied to the calculation of income for the open year, whereas the investment credit carryover directly affects the calculation of the tax, does not enlarge petitioners' rights; the critical element is that the deficiency being determined is for a year on which the period of limitations has not run. * * * [*Mennuto v. Commissioner, supra* at 923.]

Petitioners point out that the basis for respondent's disallowance of EFC's unused investment credit carryover to 1967 is not set forth in our opinion, and they suggest two possibilities. The carryover could have been disallowed because the credit itself was disallowed, e.g., because the property with regard to which the credit was claimed did not qualify for the credit when placed in service. Alterna-

tively, the carryover could have been disallowed because respondent adjusted EFC's prior year taxable income upward, with a resulting increase in its pre-credit tax liability and decrease in the unused credit available to be carried over. In Rev. Rul. 69-543, *supra*, the former was the case. Petitioners assume the same to be the case in *Mennuto* and, if so, have no quarrel with it. Petitioners distinguish the case at hand by pointing out that, here, it is clear, respondent has adjusted petitioners' 1981 taxable income upward, with a resulting increase in their pre-credit tax liability for that year and decrease in the unused credit available to be carried over to 1982. For the Court to sustain a deficiency for 1982 based on that rationale, argue petitioners, a redetermination of petitioners' 1981 tax liability is necessary, which petitioners contend is prohibited by section 6214(b).

Petitioners' argument is narrowly drawn. Petitioners focus on a taxpayer's pre-credit tax liability for a prior year and, in effect, say that that entry alone, of all of the entries on a taxpayer's return, is frozen where it is necessary to look to a prior year in determining a deficiency for a subsequent year. Section 6214(b), argue petitioners, freezes that item and prevents us from redetermining it. Thus, petitioners have no quarrel with the well-established rule that we may properly recalculate the amount of a net operating loss carryover from a prior year. See, e.g., *Phoenix Coal Co. v. Commissioner*, 231 F.2d 420 (2d Cir. 1956), affg. a Memorandum Opinion of this Court; *ABKCO Industries, Inc. v. Commissioner*, 56 T.C. 1083, 1088-1089 (1971), affd. on other grounds 482 F.2d 150 (3d Cir. 1973); *State Farming Co. v. Commissioner*, 40 T.C. 774 (1963). We may consider the reduction of a net operating loss carryover based on the fact of additional income in a prior year since the reduction in the amount to be carried over is independent of the tax liability for the prior year and dependent solely on the addition to income. Likewise, we may take account of the elimination of an investment credit in a prior year on the basis that the property with regard to which the credit was claimed did not qualify for the investment credit, since it is the amount of the credit, and not the amount of the prior year (pre-credit) tax liability, that is

being adjusted. However, argue petitioners, the amount of an unused investment credit carryover from a prior year may not be reduced on account of adjustments increasing income or reducing deductions in the prior year because to do so would require a prohibited redetermination of the pre-credit tax liability for the prior year. Thus, according to petitioners, when redetermining the tax liability for a year in issue, we may take aim all around a prior year tax liability; we simply may not take aim directly at it. We disagree. Our decision in *Lone Manor Farms, Inc. v. Commissioner,* 61 T.C. 436 (1974), is controlling.

In *Lone Manor Farms,* the taxpayer, on its income tax return for 1967, reported and paid the alternative tax imposed on corporations by section 1201 because that tax was less than the regular tax imposed by section 11. None of the taxpayer's net operating losses for 1965 and 1966 could be used in the computation of such alternative tax. The taxpayer sustained additional net operating losses in 1968 and 1970. If all of the taxpayer's unused net operating losses for the years 1965 through 1970 were carried to 1967 and included in its net operating loss deduction for that year, the regular tax would become less than the alternative tax that the taxpayer originally reported and paid for that year. Moreover, such losses fully would be used in 1967, and there would be no net operating loss carryover to, nor net operating loss deduction in, 1969, the year in dispute and for which a deficiency had been determined (based on respondent's disallowance of the net operating loss deduction claimed by the taxpayer for that year). The taxpayer contended that its income tax liability for 1967 could not be recomputed under section 11 (so as to deprive the taxpayer of the use of its losses in 1969). The taxpayer contended that a recomputation of its income tax liability for 1967 would amount to a determination of an overpayment in its tax for that year and that section 6214(b) is a jurisdictional bar to such a determination. *Lone Manor Farms, Inc. v. Commissioner, supra* at 439-440. The taxpayer argued, much as do petitioners here, that we were being asked to recompute the tax for a prior, barred year and not just the correct taxable income or net operating loss for such a year. That, contended the taxpayer, was prohibited by the

portion of section 6214(b) that states that this Court shall have no jurisdiction to determine whether or not the tax for any other year has been overpaid or underpaid. *Lone Manor Farms, Inc. v. Commissioner, supra* at 440. We answered the taxpayer as follows:

> We think that petitioner misconceives the import of section 6214(b). It is true that respondent's disallowance of petitioner's claimed net operating loss deduction for 1969 depends on a determination that section 1201 does not apply to petitioner's taxable year 1967 because a recomputation of the regular tax for 1967 shows that it is less than the alternative tax. What concerns us in this proceeding, however, is not the correct amount of petitioner's tax liability for 1967 but the deductions to be used in correctly calculating that amount, whether under section 11 or section 1201.
>
> Section 6214(b) says that we have no power to determine an overpayment or underpayment of tax for a year not in issue which would form the basis of a refund suit or an assessment of a deficiency. *Commissioner v. Gooch Co.,* 320 U.S. 418 (1943) (decided under the predecessor of present section 6214(b)). See also *Robbins Tire & Rubber Co.,* 53 T.C. 275, 279 (1969). It does not prevent us from computing, as distinguished from "determining," the correct tax liability for a year not in issue when such a computation is necessary to a determination of the correct tax liability for a year that has been placed in issue. *Commissioner v. Gooch Co., supra,* 320 U.S. at 420-421 and fn. 5; *Lawrence W. Carpenter,* 10 T.C. 64, 66-68 (1948); *J.C. Blair Co.,* 11 B.T.A. 673, 679 (1928); *D.N. & E. Walter & Co., Inc., Et Al.,* 10 B.T.A. 620, 630-631 (1928); *Evens & Howard Fire Brick Co.,* 8 B.T.A. 867, 876-877 (1927). Nor is the rationale of the decided cases limited to situations where the recomputation of the tax liability for the barred year involves the propriety of omissions or deductions from gross income for such year; it extends to a recomputation of the tax liability itself, even though no adjustments are made to taxable income. *Anthony Mennuto, supra.* * * *
>
> [*Lone Manor Farms, Inc. v. Commissioner, supra* at 440-441.]

We think that petitioners, like the taxpayer in *Lone Manor Farms,* misconceive the import of section 6214(b). It is true that respondent's disallowance of petitioners' unused investment credit carried over to 1982 depends on a calculation of petitioners' pre-credit income tax liability for 1981. What concerns us in this proceeding, however (and to paraphrase Judge Tannenwald, in *Lone Manor Farms*), is not the correct amount of petitioners' tax liability for 1981 but the deductions and credits to be used in correctly calculating that amount.

We have stated that our holding in *Lone Manor Farms* is controlling. Accordingly, we hold that section 6214(b) is no bar to our computing petitioners' pre-credit tax liability for 1981 in order to determine the amount of investment credit used in that year and, thus, unavailable to be carried over to 1982.

Before concluding our discussion of section 6214(b), however, we would like to draw attention to the first sentence of the second paragraph of that portion of our opinion in *Lone Manor Farms* set forth above. 61 T.C. at 440. In full, that sentence reads: "Section 6214(b) says that we have no power to determine an overpayment or underpayment of tax for a year not in issue *which would form the basis of a refund suit or an assessment of a deficiency.*" (Emphasis added.) The *underlined* phrase, which, admittedly, adds a gloss to the statute, we think accurately identifies Congress' concern in depriving us of jurisdiction to determine an overpayment or underpayment for a prior year. Simply put, we may not determine an overpayment or underpayment of tax for a prior year so as to entitle a taxpayer to a refund for that year or give to respondent the authority to assess or collect a tax for that year. Thus, were respondent's adjustments with respect to 1981 to result in an increased liability for that year, in excess of any available credit, we would lack authority to authorize the respondent to assess such excess. That is not to say, of course, that an adjustment to a prior year that, one, gives rise to a consequent adjustment in a year properly before this Court and, two, will effect an overpayment or underpayment for such subsequent year similarly is barred. That is the case at hand, and the first clause of section 6214(b) specifically contemplates such adjustments.

*Section 6501(a)*

Petitioners' second argument is, in a sense, but a variant of their first. Petitioners' first argument is that we are not empowered to consider a reduction in their unused investment credit carried over to 1982. Petitioners' second argument is that respondent is barred from assessing and collecting any tax for 1982 that results from his disallowance of any unused investment credit carried over from

1981. The parties agree that section 6501 bars any assessment or collection of taxes for 1981. Petitioners contend that, were we to uphold respondent's determination of a deficiency for 1982, based on respondent's disallowance of a carryover of unused investment credit from 1981, then (and to that extent) any assessment made by respondent would be tantamount to an assessment for a barred year (1981). Apparently, petitioners view their unused 1981 investment credit as an asset. Because respondent has increased their 1981 taxable income and reduced the amount of unused credit available to be carried over to 1982, respondent, in petitioners' minds, is applying their asset to the payment of a 1981 tax liability despite the bar against assessment of such tax liability raised by the period of limitations.

Petitioners attempt to distinguish *Mennuto v. Commissioner*, 56 T.C. 910 (1971) (upholding respondent's right to recalculate an unused investment credit carryover from a barred year), and, by implication, those cases in the area of net operating losses holding that it is proper to recalculate the amount of net operating loss carryover from a barred year. Petitioners argue, as they did with regard to section 6214(b), that, to reduce petitioners' investment credit carryover from 1981, respondent necessarily must be increasing their pre-credit tax liability for that year. Such an adjustment is prohibited, argue petitioners, while an adjustment that does not depend on any change in tax liability (such as a reduction in an unused net operating loss carryover or a reduction in an investment credit carryover brought about on account of the ineligibility of the underlying property for such credit) is permitted. We do not accept that distinction. The effect of respondent's action here, in adjusting petitioners' tax liability upward and, as a consequence, eliminating their investment credit carryover, is the same as if respondent had, for similar reasons, eliminated a net operating loss carryover. The consequence is to cause an underpayment in an open year. Any resulting assessment will be of tax for such open year. The critical element is that the deficiency being determined is for a year on which the period of limitations has not run. *Mennuto v. Commissioner, supra* at 923; see also *Calumet Industries, Inc. v. Commissioner*, 95 T.C. 257, 276-277 (1990). Indeed, in

that open year, as petitioners emphasize, a taxpayer may be forced to contest respondent's adjustments for a year long past in a dispute regarding the proper amount of a deficiency determined for the open year. The period of limitations set forth in section 6501(a), however, does not save a taxpayer from shouldering that burden. Cf. *Martz v. Commissioner,* 77 T.C. 749, 753-754 (1981).

In light of the foregoing,

*Decision will be entered under Rule 155.*