WILLIAM B. GLADSTONE AND ROSLYN GLADSTONE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Gladstone
Docket No. 36942-84
United States Tax Court
T.C. Memo 1992-10; 1992 Tax Ct. Memo LEXIS 14; 63 T.C.M. (CCH) 1733; T.C.M. (RIA) 92010; January 6, 1992, Filed *14 Larry Kars, for petitioners. Mitchell Hausman, for respondent. WELLS, Judge. WELLS
SUPPLEMENTAL MEMORANDUM OPINION The instant case is before us on petitioners' motion to amend the petition, which arises out of a dispute between the parties over their differing computations under Rule 155. [1] The issues we must decide are: (1) Whether respondent would be prejudiced if the Court were to allow petitioners to raise the issue of their right to a deduction for a net operating loss (NOL) carryback from their 1982 return, and (2) if we were to so allow, whether respondent would be estopped from contesting the deductibility of petitioners' claimed NOL carryback. In our Memorandum Opinion issued on March 29, 1990, as T.C. Memo. 1990-173, we resolved the issues of certain bad debt deductions claimed *15 by petitioners for taxable year 1981. As a result of that Opinion, we ordered entry of the decision in the instant case under Rule 155. Subsequently, respondent and petitioners filed their opposing computations for entry of decision and petitioners filed a motion to amend the petition. The parties' dispute centers on petitioners' claim that they are entitled to a deduction in taxable year 1981 for an NOL carryback from taxable year 1982, a year not in issue in the instant case. Petitioners did not claim the NOL carryback deduction in their petition, at the trial of the instant case, or in their briefs filed subsequent to the trial. Accordingly, we issued our Memorandum Opinion without making any reference to the NOL carryback deduction now claimed by petitioners. Petitioners first raised the issue of the NOL carryback deduction on August 13, 1990, after respondent sent them a proposed Rule 155 computation. [2] After conferences with the Court concerning the Rule 155 computations, respondent examined his administrative file for petitioners' 1982 taxable year. Petitioners have submitted to the Court a "no change" letter dated May 4, 1987, which petitioners assert they received *16 from the Internal Revenue Service regarding the examination of their 1982 return. Although the letter was not offered at the trial of the instant case, respondent has not objected to it. The letter was signed by the District Director and stated that petitioners' 1982 return was accepted as filed. According to the parties, petitioners' 1982 return [3] claims an NOL arising out of certain partnership items. Although the May 4, 1987, letter indicates that petitioners' 1982 return was being accepted as filed, the letter does not indicate whether the audit included an examination *17 of the partnership items underlying the NOL claimed on petitioners' 1982 return. Respondent asserts that his audit file indicates that none of such partnerships had been examined. Respondent contends that had he known that petitioners intended to claim the deduction for the NOL carryback, he might have examined the underlying partnership items comprising the NOL. Petitioners first argue that respondent would not be prejudiced if we were to allow petitioners to raise the issue of the NOL carryback deduction in connection with the Rule 155 computations. Respondent argues that he should be given the opportunity to explore the issue and contends that if we were to allow petitioners to raise the issue now he would be prejudiced. We agree with respondent. Paragraph (c) of Rule 155 provides: (c) Limit on Argument: Any argument under this Rule will be confined strictly to consideration of the correct computation of *18 the deficiency, liability, or overpayment resulting from the findings and conclusions made by the Court, and no argument will be heard upon or consideration given to the issues or matters disposed of by the Court's findings and conclusions or to any new issues. This Rule is not to be regarded as affording an opportunity for retrial or reconsideration.
Where evidence additional to that adduced at trial is necessary to decide an issue, a party may not wait until the Rule 155 computations to raise the issue. Paccar, Inc. v. Commissioner, 849 F.2d 393, 399-400 (9th Cir. 1988), affg. 85 T.C. 754 (1985) and T.C. Memo. 1986-421. We have held that a section 593 reserve addition is a mechanical or mathematical adjustment which properly may be raised for the first time in Rule 155 computations because no additional evidence was necessary to consider the parties' dispute over the reserve addition. The Home Group, Inc. v. Commissioner, 91 T.C. 265, 271 n.7 (1988), affd. 875 F.2d 377 (2d Cir. 1989). In Cloes v. Commissioner, 79 T.C. 933 (1982), however, the taxpayers were not allowed *19 to raise income averaging during the Rule 155 computations because we would have had to reopen the record to receive new evidence. Had we allowed the issue to be raised, the taxpayers would have been required to prove, and the Commissioner would have been free to contest, the base year returns. Cloes v. Commissioner, supra at 937. Similarly, in Molasky v. Commissioner, 91 T.C. 683 (1988), affd. on this issue 897 F.2d 334 (8th Cir. 1990), the taxpayers were prohibited from raising the issue of their entitlement to income averaging for the first time during the Rule 155 computations.[4]
Petitioners rely on Kelley v. Commissioner, 877 F.2d 756, 761 (9th Cir. 1989), revg. and *20 remanding T.C. Memo. 1986-405. In Kelley, the Ninth Circuit held that this Court abused its discretion when the taxpayers were not allowed the benefit of income averaging in a Rule 155 computation, even though the issue had not been raised in the petition and had not been raised with this Court until 8 months after the opinion was filed. The Ninth Circuit recognized that additional evidence was necessary to decide whether income averaging should apply to the year in issue, but nevertheless, remanded the case to this Court for further proceedings stating: there was "much justification" for the taxpayers' failure to raise it in the petition. As soon as the taxpayers had notice that the Commissioner did not intend to respect their income averaging election they moved to amend their petition to raise the issue. [Kelley v. Commissioner, supra at 761.]
We think the instant case is distinguishable from Kelley. In Kelley, before the notice of deficiency was sent, the taxpayers had filed an amended return electing the use of income averaging in computing their tax liability. By contrast, in the instant case, petitioners made *21 no prior claim to the NOL carryback deduction. Even if we were to adopt the reasoning of Kelley[5] in the instant case, we do not find justification for petitioners' failure to timely raise the NOL carryback deduction issue in their pleadings. In Kelley, because the taxpayers made claim to income averaging prior to trial, the taxpayers could have assumed that the Commissioner was aware of their claim but that the Commissioner nevertheless decided not to contest it. No such assumption could have been made by petitioners in the instant case, however, because they had never communicated their claim to respondent -- only petitioners knew of the existence of the issue and could have raised it. *22 Similarly, Combs v. United States, 490 F. Supp. 19 (E.D. Ky. 1978), affd. on this issue 655 F.2d 90 (6th Cir. 1981), cited by the Ninth Circuit in Kelley, is distinguishable from the instant case. The issue of income averaging in Combs had been raised during pretrial and, with the agreement of the Government, the taxpayer was allowed to raise the issue subsequent to the trial by motion to amend the complaint. Combs v. United States, supra at 20. In the instant case, we think the purpose of Rule 155(c) would be frustrated if we were to allow petitioners to raise a new issue during the computations under Rule 155. The record simply does not contain sufficient information upon which we could base a decision regarding the correctness of petitioners' claim that they are entitled to a deduction in the year in issue for an NOL carryback from 1982. We reiterate what we said in Cloes v. Commissioner, supra at 937: The plain, hard fact is that if we were to grant petitioners' motions, we would of necessity have to reopen the record and afford petitioners a further trial. The petitioners would *23 have to prove, and respondent would be free to contest, any and all items of income and deduction for the base period years. We see no requirement of justice that compels a favorable decision on petitioners' motions under such circumstances. Indeed, a further trial is exactly what is not permitted under Rule 155. Even if we were to treat petitioners' motions as constituting a request to the Court to reopen the record, we would reject the request. Proper judicial administration demands that there be an end to litigation and that bifurcated trials be avoided. Petitioners could readily have pleaded income averaging as an alternative position and presented the necessary evidence at the trial of this case. It is no answer to say that the need to follow such a course could not have been ascertained until the Court had determined petitioners' income and allowable deductions for the years involved.
In the instant case, petitioners had ample opportunity prior to the Rule 155 computation to raise the NOL carryback deduction as an alternative position and to perfect the record regarding their claim, but they have done neither. We do not find any justification for petitioners' failure *24 to timely raise the issue that would cause us to consider reopening the record for further trial. Accordingly, we hold that respondent would be prejudiced if we were to allow petitioners to raise the NOL carryback deduction at this point in the proceedings. Petitioners also contend that no new evidence is necessary because respondent would be estopped from contesting the deductibility of petitioners' NOL carryback. Petitioners contend that estoppel would apply because respondent audited petitioners' 1982 return and issued a "no change" letter. We do not agree with petitioners' estoppel argument. First, as noted above, if we were to allow petitioners to raise the NOL carryback deduction issue now, the record in the instant case would have to be reopened to permit trial of the issue. Petitioners would be required to prove and, respondent would be free to contest, the correctness of the NOL claimed on the 1982 return. As we have held, this Court has jurisdiction to examine other taxable years as they relate to the correct determination of tax for the year before the Court. Sec. 6214(b); Hill v. Commissioner, 95 T.C. 437, 439 (1990). Respondent also should *25 have the opportunity to review all earlier years to which the 1982 NOL is a carryback in order to determine whether the NOL has been used in such years. The record is devoid of evidence upon which the Court could base a conclusion as to whether the 1982 NOL carryback has been properly applied in such earlier years. Moreover, it is well established that only statutorily prescribed formal compromises and formal closing agreements are conclusive of a taxpayer's tax liability prior to the lapsing of the statute of limitations. Botany Worsted Mills v. Commissioner, 278 U.S. 282 (1929); Estate of Meyer v. Commissioner, 58 T.C. 69, 70-71 (1972). In Botany Worsted Mills v. Commissioner, supra at 288-289, the Supreme Court stated: We think that Congress intended by the statute to prescribe the exclusive method by which tax cases could be compromised, requiring therefor the concurrence of the Commissioner and the Secretary, and prescribing the formality with which, as a matter of public concern, it should be attested in the files of the Commissioner's office; and did not intend to intrust the final settlement of such matters *26 to the informal action of subordinate officials in the Bureau.
Congress has established in section 7121 the exclusive means for securing a binding agreement. The May 4, 1987, letter is not a formal closing agreement as prescribed by the statute, as petitioners have not shown that it was signed by petitioners and approved by the Secretary or his delegate and executed on a form prescribed by the Internal Revenue Service. Estate of Meyer v. Commissioner, supra at 71 n.1. Consequently, because petitioners have not shown that the May 4, 1987, letter has any binding effect against respondent, petitioners cannot reasonably rely upon the letter as a final disposition of their 1982 tax liability. Accordingly, petitioners have not proved that respondent should be estopped from contesting the deductibility of the NOL carryback. Based on the foregoing, petitioners' motion to amend their petition will be denied. There being no other objections to respondent's proposed computations, An appropriate order will be issued and decision will be entered based upon respondent's *27 proposed computations. Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Respondent asserts that, because respondent's counsel was familiar with petitioners' earlier docketed taxable years, in the proposed Rule 155↩ computations for taxable year 1981, respondent's counsel allowed a deduction for an NOL carryforward from taxable year 1979 and also allowed the benefit of income averaging in computing petitioners' tax liability (after a dispute over the correct base year income for 1978 and 1979 was conceded by petitioners).
3. Petitioners' 1982 return was not made a part of the record during the trial of the instant case.↩
4. See also Himmelwright v. Commissioner, T.C. Memo. 1989-587 (taxpayer prohibited from raising in Rule 155↩ computations capital loss carryback from a year not before the Court because taxpayer had not previously placed such carryback in issue.)
5. Under the rule of Golsen v. Commissioner, 54 T.C. 742 (1970), affd. 445 F.2d 985 (10th Cir. 1971), we are not bound by the Ninth Circuit's opinion unless venue for appeal lies in that circuit. In the instant case, venue for appeal lies in the 11th Circuit, absent stipulations to the contrary. Consequently, we are not bound by Kelley v. Commissioner, 877 F.2d 756 (9th Cir. 1989), revg. and remanding T.C. Memo. 1986-405↩.