128 T.C. No. 15

UNITED STATES TAX COURT

G-5 INVESTMENT PARTNERSHIP, H. MILES INVESTMENTS, LLC, TAX
MATTERS PARTNER, AND HENRY M. GREENE AND JULIE M. GREENE,
PARTNERS OTHER THAN THE TAX MATTERS PARTNER, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 17767-06.               Filed May 30, 2007.

G-5 filed its partnership return for 2000 on Oct.
4, 2001. R issued a notice of final partnership
administrative adjustment (FPAA) to G-5 for 2000 on
Apr. 12, 2006, more than 3 years after the date of
filing of the partnership tax return and the filing of
the partners' individual 2000 and 2001 Federal income
tax returns, but before the expiration of 3 years from
the dates the partners filed their individual 2002-04
Federal income tax returns.

R's FPAA denied partnership losses in 2000. G-5's
partners reported their distributive shares of partnership
losses for 2000 as capital loss carryovers on their
individual Federal income tax returns for 2002-04.

Ps moved for judgment on the pleadings on the ground that the period of limitations for assessing any tax resulting from this partnership proceeding has expired pursuant to secs. 6229(a) and 6501(a), I.R.C. R contends the period of limitations for assessment has not expired under sec. 6501(a), I.R.C., for 2002-04 and he may assess taxes attributable to the adjustment of partnership items for 2000 against the partners for 2002-04.

Held: Secs. 6229(a) and 6501(a), I.R.C., do not preclude R from issuing the FPAA and adjusting partnership items for 2000.

Held: Secs. 6229(a) and 6501(a), I.R.C., do not preclude R from assessing against the partners an income tax liability for the 2002-04 tax years attributable to the carryforward by the partners of their distributive shares of partnership losses for 2000 where the partnership item adjustments relate to transactions completed and reported on G-5's partnership return in 2000.


Denis J. Conlon and Steven S. Brown, for petitioners.

William F. Castor, for respondent.


OPINION


HAINES, Judge: This case is a partnership-level action based on a petition filed pursuant to section 6226.[1] The sole issue raised by petitioners' motion for judgment on the pleadings is whether the period of limitations for making assessments of

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code (Code), as amended, and Rule references are to the Tax Court Rules of Practice and Procedure.

income tax against individual partners, relative to partnership items, has expired pursuant to sections 6501 and 6229.

The following facts are based upon the parties' pleadings. See Rule 120. They are stated solely for the purpose of deciding the motion for judgment on the pleadings and not as findings of fact in this case. See Fed. R. Civ. P. 52(a).

## Background

G-5 Investment Partnership (G-5) filed a Form 1065, U.S. Return of Partnership Income, for 2000 on October 4, 2001. Henry M. Greene and his wife, Julie M. Greene (partners),[2] were indirect partners[3] in G-5, and H. Miles Investments, L.L.C., was the tax matters partner (TMP).[4]

On April 12, 2006, respondent issued a notice of final partnership administrative adjustment (FPAA) for 2000. The FPAA was issued more than 3 years after the filing of the partnership return and the filing of the partners' individual 2000 and 2001

---

[2] For convenience, the Court uses the terms "partnership" and "partner" without deciding whether a partnership existed, a matter which respondent disputes.

[3] The term "indirect partner" means a person holding an interest in a partnership through one or more pass-thru partners. Sec. 6231(a)(10). The term "pass-thru partner" means a partnership, estate, trust, S corporation, nominee, or other similar person through whom other persons hold an interest in the partnership with respect to which proceedings under subch. C are conducted. Sec. 6231(a)(9).

[4] H. Miles Investments, L.L.C., is a single-member limited liability company and a pass-thru partner with petitioner Henry M. Greene as its member.

Federal income tax returns, but before the expiration of 3 years from the dates the partners filed their individual 2002-04 Federal income tax returns.

In the motion for judgment on the pleadings, petitioners contend respondent is barred by the statute of limitations under sections 6501(a) and 6229(a) from assessing an income tax liability attributable to G-5's partnership items for 2000 because the FPAA was issued more than 3 years after the partnership and the partners filed their 2000 tax returns. Respondent argues that because the FPAA was issued within 3 years after the partners filed their 2002-04 Federal income tax returns, the period of limitations has not expired for 2002-04 and he may assess income taxes attributable to the adjustment of partnership items against the partners for those years.[5] Petitioners do not dispute that they carried forward capital losses attributable to G-5 partnership items incurred in 2000 to their 2002-04 Federal income tax returns.

<u>Discussion</u>

A.  <u>Judgment on the Pleadings</u>

Rule 120 provides that, after the pleadings in a case are closed but within such time as not to delay the trial, a party may move for judgment on the pleadings.  The granting of a motion

---

[5] In respondent's objection to the motion for judgment on the pleadings, he concedes the limitation periods are closed with respect to the partners' 2000 and 2001 tax years.

for judgment on the pleadings is proper only where the pleadings do not raise a genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Abrams v. Commissioner, 82 T.C. 403, 408 (1984); Anthony v. Commissioner, 66 T.C. 367 (1976). The record shows, and the parties agree, that there is no genuine issue of material fact.

B.    Background

Section 6226 is one of a group of provisions concerning the tax treatment of partnership items[6] that was added to the Code by the Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA), Pub. L. 97-248, sec. 402(a), 96 Stat. 648 (TEFRA partnership provisions). The TEFRA partnership provisions have been amended since their enactment in 1982 and are now contained in sections 6221 through 6234.

A taxpayer may seek judicial review of an FPAA by filing a petition for readjustment of the partnership items with this Court. Sec. 6226. The procedures under TEFRA parallel deficiency procedures in that notice (the FPAA), and the right to petition this Court must generally be given before assessments

---

[6] Partnership items are items required to be taken into account for the partnership's taxable year, to the extent regulations provide that such items are more appropriately determined at the partnership level than at the partner level. Sec. 6231(a)(3); sec. 301.6231(a)(3)-1, Proced. & Admin. Regs.

can be made attributable to partnership items or affected items[7]. See secs. 6223, 6225, 6226.

The Commissioner must give notice of both the beginning and the ending of administrative proceedings. Sec. 6223(a). The ending notice is the issuance of the FPAA, which must be mailed no earlier than the 120th day after the notice of the beginning of the administrative proceedings was mailed. Sec. 6223(d)(1). TEFRA partnership provisions do not contain a period of limitations within which an FPAA must be issued, unlike the period of limitations applicable to the issuance of an FPAA to a large partnership.[8] Rhone-Poulenc Surfactants & Specialties, L.P. v. Commissioner, 114 T.C. 533, 534 (2000).

---

[7] An "affected item" is any item whose existence or amount depends on any partnership item. Sec. 6231(a)(5). Examples of affected items include: Capital loss carryforwards, net operating loss carrybacks, investment tax credit carrybacks, a partner's basis in his partnership interest, passive losses, and sec. 465 at-risk limitations. Harris v. Commissioner, 99 T.C. 121, 125 (1992); Dial USA, Inc. v. Commissioner, 95 T.C. 1, 5-6 (1990); Maxwell v. Commissioner, 87 T.C. 783, 790-791 (1986); sec. 301.6231(a)(5)-1T, Temporary Proced. & Admin. Regs., 52 Fed. Reg. 6790 (Mar. 5, 1987).

[8] SEC. 6248. PERIOD OF LIMITATIONS FOR MAKING ADJUSTMENTS.

(a) General Rule.-- * * * no adjustment under this subpart to any partnership item for any partnership taxable year may be made after the date which is 3 years after the later of--

(1) the date on which the partnership return for such taxable year was filed, or

(2) the last day for filing such return for such year (determined without regard to extensions).

C.    Statute of Limitations in TEFRA Proceedings

Section 6501(a) provides that the amount of any tax shall be assessed within 3 years from the date a taxpayer's return is filed.[9]  The term "return" for purposes of section 6501(a) does not include a return of any person from whom the taxpayer has received an item of income, gain, loss, deduction, or credit, e.g., a partnership return.  Sec. 6501(a).  Section 6501 provides the general period of limitations for assessing any tax imposed by the Code.

Section 6229 establishes the minimum period for the assessment of any tax attributable to partnership items (or affected items) notwithstanding the period provided for in section 6501.  Section 6229 is not a stand-alone statute of limitations but can extend the section 6501 period of limitations with respect to the tax attributable to partnership items or affected items.  Rhone-Poulenc Surfactants & Specialties, L.P. v. Commissioner, supra at 542-544; Estate of Quick v. Commissioner, 110 T.C. 172, 181-182 (1998), supplemented 110 T.C. 440 (1998).

Stated another way, sections 6229 and 6501 provide alternative periods within which to assess tax with respect to partnership items, with the later expiring period governing in a particular case.  AD Global Fund, LLC v. United States, 481 F.3d

_____

[9] There are exceptions to the 3-year period which are not applicable in this case.  See, e.g., sec. 6501(c), (d), (e), (f), (h).

1351 (Fed. Cir. 2007); <u>Ginsburg v. Commissioner</u>, 127 T.C. 75, 84-85 (2006); <u>Rhone-Poulenc Surfactants & Specialties, L.P. v. Commissioner</u>, <u>supra</u> at 534; <u>Andantech L.L.C. v. Commissioner</u>, T.C. Memo. 2002-97, affd. in relevant part and remanded in part 331 F.3d 972 (D.C. Cir. 2003); <u>CC&F W. Operations Ltd. Pship. v. Commissioner</u>, T.C. Memo. 2000-286, affd. 273 F.3d 402 (1st Cir. 2001).

The issuance of an FPAA suspends the running of any applicable period of limitations under sections 6229 and 6501 until the FPAA adjustments become final or conclusively established,[10] after which the Commissioner has 1 year to assess partners with the tax which properly accounts for their distributive shares of the adjusted partnership items. Sec. 6229(d). The adjustment is a computational adjustment,[11] without notice, provided no partner-level determination is necessary. A statutory notice of deficiency is not required for a computational adjustment because, under TEFRA, the partnership item has been resolved at the partnership level and cannot be

---

[10] Adjustments may become final or conclusively established as a result of an unchallenged FPAA, a judicial determination pursuant to a sec. 6226 proceeding, a settlement agreement pursuant to sec. 6224(c), or a request for administrative adjustment pursuant to sec. 6227.

[11] A computational adjustment is any change in a partner's tax liability to reflect the proper treatment of a partnership item. Sec. 6231(a)(6).

contested at the individual partner level.[12]  Secs. 6225, 6230(a),
6229(d); sec. 301.6231(a)(6)-1T(a)(1), Temporary Proced. & Admin.
Regs., 64 Fed. Reg. 3840 (Jan. 26, 1999).

Once the partnership proceeding is completed, if an affected
item requires determinations to be made at the partner level, the
Commissioner may issue a notice of deficiency to a partner for
additional deficiencies attributable to an affected item
requiring partner-level determinations.  Sec. 6230(a); White v.
Commissioner, 95 T.C. 209, 211-212 (1990); sec. 301.6231(a)(6)-
1T(a)(2), Temporary Proced. & Admin. Regs., 64 Fed. Reg. 3840
(Jan. 26, 1999).

Petitioners do not dispute that the FPAA was issued within 3
years of the time they filed their 2002-04 individual income tax
returns.  Petitioners do dispute whether respondent may assess a
tax liability for the 2002-04 taxable years where the underlying
partnership item adjustments relate to transactions that were
completed and reported on G-5's partnership return in 2000, a
year closed to assessment by section 6501.

In deficiency proceedings, section 6501 does not preclude an
examination into events occurring in prior years which are closed
to assessment for the purpose of correctly determining income tax

---

[12] Challenges to readjustments of affected items requiring
partner-level determinations are not precluded by the finality of
a partnership proceeding, although relitigation of distributable
partnership income is barred.  Woody v. Commissioner, 95 T.C.
193, 208 (1990).

liability for years which are still open.  Sec. 6214(b); Hill v. Commissioner, 95 T.C. 437, 445-446 (1990); Calumet Indus., Inc. v. Commissioner, 95 T.C. 257, 276-277 (1990) (the Commissioner may recompute the amount of a taxpayer's loss for a source year closed under the period of limitations to determine whether a net operating loss was incurred, and, if so, the amount available in a year open under the period of limitations); Mennuto v. Commissioner, 56 T.C. 910, 922-923 (1971) (the statute of limitations does not prevent the recomputation of the investment tax credit carryover from a barred year in order to determine the tax due for an open year).  The critical element is that the deficiency being determined be for a year on which the period of limitations has not run.

Although the rule, which allows the review of a year closed by the period of limitations to adjust or recompute items that would cause a tax liability in an open year, pertains to deficiency proceedings, there is no TEFRA partnership provision that precludes extending this rule to partnership proceedings. Petitioners offer no reason the same rule should not apply to the assessment of a tax liability arising from a TEFRA partnership proceeding.  The Court has jurisdiction to determine all partnership items for the taxable year to which the FPAA relates and the proper allocation of such items among the partners.  Sec. 6226(f).  Therefore, after the Court's decision in this TEFRA

partnership proceeding becomes final, respondent may assess a tax liability for a year open under the period of limitations, even though the underlying partnership item adjustments are attributable to transactions that were completed in a year for which assessments of the partners' tax is barred because of the expiration of the period of limitations.

In this case, although the periods prescribed by sections 6229(a) and 6501(a) have run for 2000 and 2001, the FPAA determined adjustments to partnership items (capital losses) that may have income tax consequences to the partners at the partner level in 2002-04, years open under the period of limitations. If the adjustments to partnership items in the FPAA are sustained, respondent may assess a computational adjustment or determine a deficiency against the partners for those open years. However, respondent concedes that, because the tax years 2000 and 2001 are closed, respondent is barred from assessing any deficiencies, penalties or additions to tax with respect to the partners' 2000 and 2001 tax years.

This Court finds that respondent's issuance of the FPAA on April 12, 2006, for G-5's 2000 tax year was not barred by any period of limitations[13] and that the period of limitations for assessing taxes attributable to partnership items for

---

[13]  See Kligfeld Holdings v. Commissioner, 128 T.C. ___ (2007).

petitioners' 2002-04 taxable years is open.  Accordingly, this Court will deny petitioners' motion for judgment on the pleadings.  To reflect the foregoing,

<u>An appropriate order denying petitioners' motion for judgment on the pleadings will be issued</u>.