**R.H. DONNELLEY CORPORATION,**
Plaintiff,

v.

**UNITED STATES of America,**
Defendant.

No. 5:08–CV–501–BO.

United States District Court,
E.D. North Carolina,
Western Division.

Jan. 29, 2010.

Christopher G. Smith, Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, Raleigh, NC, for Plaintiff.

Lawrence P. Blaskopf, Allie C. Yang–Green, U.S. Department of Justice, Washington, DC, for Defendant.

### ORDER

TERRENCE W. BOYLE, District Judge.

This matter is before the Court on the parties' cross motions for Summary Judgment. FED.R.CIV.P. 12(b)(6). For the reasons below, Defendant's Motion for Summary Judgment is GRANTED. Plaintiff's Motion for Summary Judgment is DENIED.

### BACKGROUND

R.H. Donnelley Corporation ("Donnelley") timely filed a consolidated federal tax return for the tax year ending December 31, 1994. The IRS subsequently examined this return and did not determine any

additional federal income tax deficiencies prior to expiration of the statute of limitations. Subsequently, Donnelley filed refund claims for its 1991 and 1992 tax year returns.

The 1991 refund claim was based on unused research credits from the 1994 tax year. Donnelley asserts that pursuant to section 39(a) of the Internal Revenue Code ("Code"), it is entitled to carry back research credits in the amount of $3,080,395 from the 1994 tax year, to the 1991 tax year, as determined under section 39(b). The 1992 refund claim was based on unused foreign tax credits from the 1994 tax year. Pursuant to section 904(c) of the Code, Donnelley asserts it is entitled to carry back foreign tax credits in the amount of $8,048,374. There is no dispute as to the amounts of the tax credits. The only issue is whether Donnelley is entitled to the carry backs.

In response to Donnelley's refund request, the IRS sent Plaintiff a Statement of Income Tax Change that determined an "increase of tax" for the 1994 tax year based on a "total corrected income tax liability" for 1994 of $43,727,655. The letter stated that this increase of more than $43 million "will not be assessed due to expired statutes" of limitations for the 1994 tax year. However, an Audit Statement stated that "due to a change in income in [1994] the proper credits are applied and used in [1994] against any tax that otherwise might have been assessed." The un-charged tax liability for 1994 thus increased the limitations for research and foreign tax credits in 1994, causing all the 1994 research and foreign tax credits to be used, and leaving no credits to be carried back to the 1991 or 1992 tax year.

Donnelley filed this Complaint on October 3, 2008. The parties have stipulated Plaintiff will be entitled to either nothing or $11,128,769, depending on whether Donnelley is entitled to carry back the research and foreign tax credits claimed from the 1994 tax year.

## DISCUSSION

Summary judgment is appropriate if the record shows that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED.R.CIV.P. 56(c). In this case, the parties have stipulated to all the relevant facts and to the dispositive legal issue. Accordingly, there is no genuine issue of material fact.

 Plaintiff seeks a refund of taxes already paid, claiming excess research and foreign tax credits from the 1994 tax year that should be carried back to the 1991 and 1992 tax years. Donnelley concedes that when a plaintiff sues for a refund in taxes paid, the government is permitted to conduct an audit to ensure a refund is in fact owed. *Lewis v. Reynolds*, 284 U.S. 281, 283, 52 S.Ct. 145, 76 L.Ed. 293 (1932). Plaintiff argues because this occurred after the statute of limitations had expired for the 1994 tax year, the government is only permitted to review Plaintiff's 1991 and 1992 returns, and must accept any carry back amounts from other years as they were stated when the statute of limitations expired.

"A deficiency determination, by which the IRS seeks to establish a taxpayer's additional tax liability, is patently different from a refund determination, by which the taxpayer seeks repayment or credit from the IRS." *Estate of Michael by Michael v. Lullo*, 173 F.3d 503, 508 (4th Cir.1999)(*quoting Bachner v. Commissioner*, 81 F.3d 1274, 1277 (3rd Cir.1996)). Permitting the IRS to review all relevant tax years is established in *Hill v. Commissioner*, 95 T.C. 437 (1990) and *Lone Manor Farms v. Commissioner*, 61 T.C.436 (1974), *aff'd.* without published opinion 510 F.2d 970 (3rd Cir.1975). In *Hill*, the IRS

determined a deficiency against the taxpayers on the basis that they were not entitled to a portion of a tax credit claimed in their 1982 tax year. Plaintiffs asserted they were entitled to carry forward a credit that arose in the 1981 tax year. The statute of limitations at the time had expired for the 1981 tax year for assessing additional taxes. The IRS nevertheless looked at the 1981 tax year and determined plaintiffs were not entitled to the carry forward because they did not report their entire rental income for 1981. Because there was an income tax deficiency for the 1981 tax year, even though it could not be charged, the credits had to first be applied to that deficiency before the remaining balance could be carried forward. The Court noted, under 26 U.S.C. § 6214 that:

> The Tax Court in redetermining a deficiency of income tax for any taxable year . . . shall consider such facts with relation to the taxes for other years . . . as may be necessary correctly to redetermine the amount of such deficiency, but in so doing shall have no jurisdiction to determine whether or not the tax for any other year . . . has been overpaid or underpaid.

*Hill v. Commissioner,* 95 T.C. at 439. The tax courts have distinguished between the IRS' authority to "compute" a tax for a year not before the Court and their authority to "determine" a tax for that year. *Id.* The difference amounts to whether the IRS can actually collect the tax. Here, the IRS computed the correct tax before issuing a refund. If the IRS were to make a determination of a tax, it would have to be made before the statute of limitations expired and could then be collected from the taxpayer. In *Lone Manor Farms,* the court held the tax code "does not prevent us from computing, as distinguished from 'determining,' the correct tax liability for a year not in issue when such a computation is necessary to a determination of the correct tax liability for a year that has been placed in issue." *Lone Manor Farms v. Commissioner,* 61 T.C. 436, 440 (1974)(citing *Commissioner v. Gooch Co.,* 320 U.S. 418, 420–21 and n. 5, 64 S.Ct. 184, 88 L.Ed. 139 (1943); *Lawrence W. Carpenter,* 10 T.C. 64, 66–68 (1948); *J.C. Blair Co.,* 11 B.T.A. 673, 679 (1928); *D.N. & E. Walter & Co., Inc., et al.,* 10 B.T.A. 620, 630–31 (1928); *Evens & Howard Fire Brick Co.,* 8 B.T.A. 867, 876–77 (1927)).

While the IRS has no authority to collect additional taxes for 1994, it is permitted to look at that tax year to determine whether carry backs were proper for 1991 and 1992. Any other result would allow a taxpayer to benefit twice from their underpayment. In this case, if the statute of limitations had not expired Donnelley would owe more than $30 million in additional taxes for 1994, even after these tax credit deductions. While it is undisputed these taxes cannot be collected, Plaintiff is seeking a refund for carry backs that would not exist had their tax burden been properly calculated for the 1994 tax year.

Plaintiff argues this case is controlled by *Estate of Michael v. Lullo,* 173 F.3d 503 (4th Cir.1999). After negotiations between the IRS and the estate, the parties in that case entered into an agreement on the taxes owed. The estate paid these taxes per the agreement. Only after the taxes were paid and after the statute of limitations had passed, the IRS attempted to not just recompute the taxes from the year in question, but to make a determination by reducing the foreign death tax credit and to charge the estate for additional taxes owed. *Id.,* at 505. The case before this Court is distinct. Defendant is not trying to collect any additional taxes from Plaintiff. Defendant is only ensuring that tax credits are applied first to taxes that might have been properly assessed before issuing a refund.

An overpayment must appear before refund is authorized. Although the statute of limitations may have barred the assessment and collection of any additional sum, it does not obliterate the right of the United States to retain payments already received when they do not exceed the amount *which might have been properly assessed and demanded.* *Lewis v. Reynolds,* 284 U.S. 281, 283, 52 S.Ct. 145, 76 L.Ed. 293 (1932)(emphasis added). Here, the IRS re-calculated Donnelley's taxes to ensure a refund was proper. "*Lewis* simply provided the IRS with a 'shield' it could use to ward-off refund suits; it did not forge a 'sword' with which the IRS could assess or collect additional taxes in violation of § 6501(a)." *Estate of Michael,* 173 F.3d at 508.

The IRS is not seeking to recover additional taxes from Donnelley. It is using its shield to protect the Government from having to issue an unearned tax refund. The Fourth Circuit noted, "*Lewis* simply authorizes the IRS to 'retain' tax payments in the face of a refund suit if, based on its calculations at the time of that suit, the IRS determines that the taxpayer did not actually overpay its properly calculated tax burden." *Id.* While this proposition was not supported in *Estate of Michael,* it is supported in this case. In *Estate of Michael,* the IRS was attempting to collect additional taxes after the statute of limitations expired. But as the Court in *Estate of Michael* made clear, there is a significant difference between the IRS seeking to collect additional taxes and protecting itself from refund claims after the statute of limitations has expired. "While the statutes authorizing refunds do not specifically empower the Commissioner to reaudit a return whenever repayment is claimed, authority therefor is necessarily implied." *Lewis v. Reynolds,* 284 U.S. 281, 283, 52 S.Ct. 145, 76 L.Ed. 293 (1932). Any payments received by the IRS within the statute of limitations period could be retained as long as the IRS found taxes were owed for the years in question after its re-computation. Defendant's review of Plaintiff's refund claims were proper. Because Plaintiff is found to have a deficit in taxes paid for 1994 that exceeds the value of the research and foreign tax credits in question, the taxpayer cannot carry back these tax credits to 1991 and 1992, and is not entitled to a refund.

## *CONCLUSION*

Accordingly, Defendant's Motion for Summary Judgment is GRANTED. Plaintiff's Motion for Summary Judgment is DENIED.

SO ORDERED.