Lidia LAMANNA; Francisco Lamanna, a.k.a. Frank Lamanna, Petitioners–Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellee.

No. 03–73129.

United States Court of Appeals, Ninth Circuit.

Submitted July 12, 2004.*

Decided July 21, 2004.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

---

Lidia Lamanna, Los Angeles, CA, Hillary Arrow Booth, Francisco Lamanna, Los Angeles, CA, for Petitioner-Appellant.

Charles S. Casazza, B. John Williams, Jr., Esq., Shearman & Sterling, LLP, Gary R. Allen, Esq., Frank P. Cihlar, Attorney, Karen G. Gregory, Washington, DC, for Respondent-Appellee.

Before: HAWKINS, THOMAS, and BYBEE, Circuit Judges.

## MEMORANDUM **

Lidia and Frank Lamanna appeal the May 27, 2003 decision of the United States Tax Court in their consolidated cases arising from the Lamannas' petitions seeking redetermination of tax deficiencies asserted by the Commissioner of Internal Revenue for tax years 1986 to 1991. The Tax Court granted the Commissioner's motion for entry of decision, enforcing the Stipulation of the Settled Issues signed by all parties. The court determined pursuant to the Stipulation that for the 1986 tax year the Lamannas owe $3,096 plus interest and penalties, but for tax years 1987 to 1991 the Lamannas owe nothing. We have jurisdiction pursuant to 26 U.S.C. § 7482(a)(1). We affirm in part, vacate in part and remand to correct an undisputed error in calculating the total amount due.

"The tax court's decision to enforce a stipulation is reviewed for abuse of discretion. A stipulation will generally be enforced unless manifest injustice would result." *Bail Bonds by Marvin Nelson, Inc. v. Comm'r of Internal Revenue*, 820 F.2d 1543, 1549 (9th Cir.1987) (internal citation omitted). We review the Tax Court's legal conclusions de novo, and its findings of fact for clear error. *Baizer v. Comm'r of Internal Revenue*, 204 F.3d 1231, 1233–34 (9th Cir.2000). "The interpretation of stipulations is, like the interpretation of contracts, an issue of law reviewed de novo." *United States v. Lawton*, 193 F.3d 1087, 1094 (9th Cir.1999). Local (California) law controls the interpretation of settlement agreements, even when the underlying cause of action is federal in nature. *United Commercial Ins. v. Paymaster Corp.*, 962 F.2d 853, 856 (9th Cir.1992).

The Lamannas claim multiple errors by the Tax Court. The Lamannas argue mutual mistake because they understood the Stipulation clause setting forth "total Schedule E expenses" to exclude line nineteen of the Schedule E form, entitled "Depreciation expense," and the Commissioner understood otherwise. The Commissioner argues that the Stipulation is valid and binding on the parties, and that the record does not support the Lamannas' contentions, but concedes that the Stipulation was incorrectly implemented in the Tax Court's decision because the stipulated Schedule A mortgage interest expense deduction of $5,218 was not used in the calculation. The Lamannas' asserted belief was not reasonable; the clause is not ambiguous. The only reasonable interpretation of "total Schedule E expenses" includes all expenses listed on Schedule E, without any

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

provision for the Lamannas' asserted exclusion of their "Depreciation expense."

Based on the record, the Tax Court's factual finding of no credible evidence to support the Lamannas' claims of lack of formal consent, fraud, and being misled by opposing counsel was not clearly erroneous. The Lamannas' alleged unilateral mistake in this case is also insufficient to modify or rescind the Stipulation. No manifest injustice results from enforcing the Stipulation in this case because the Lamannas achieved a result that drastically reduced their tax liability, as alleged by the Commissioner, thus avoiding the risk and expense of proceeding to trial. *See Bail Bonds*, 820 F.2d at 1549.

The Tax Court did not err in its interpretation of the Stipulation and did not abuse its discretion in enforcing the Stipulation. However, the court committed clear error by failing to incorporate the stipulated Schedule A mortgage interest expense deduction of $5,218 into its calculations. The decisions of the Tax Court are therefore AFFIRMED in part, VACATED in part and REMANDED for recalculation of the amount of taxes, interest and penalties properly due based on the stipulated Schedule A mortgage interest expense deduction of $5,218. The Lamannas are awarded their costs on appeal.