T.C. Memo. 2005-117

UNITED STATES TAX COURT

SYLWESTER A. SLOJEWSKI, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 2761-04.                    Filed May 19, 2005.

William E. Taggart, Jr., for petitioner.

Anthony J. Kim, for respondent.


MEMORANDUM OPINION

HAINES, Judge:  This case is before the Court on petitioner's motion to vacate order and decision pursuant to Rule 162.[1]

_____

   [1] Unless otherwise noted, all Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code in effect at all relevant times.

For the reasons stated below, we shall deny petitioner's motion to vacate.

## Background

On November 13, 2003, respondent issued a notice of deficiency to petitioner that determined a deficiency in petitioner's 2000 Federal income tax and a penalty under section 6662(a).  On February 17, 2004, petitioner timely filed a petition with the Court disputing respondent's determination. At the time he filed the petition, petitioner resided in San Francisco, California.

This case was calendared for trial at the Court's trial session in San Francisco, California, that began on November 29, 2004.  When the case was called from the calendar on December 3, 2004, the parties informed the Court that a basis of settlement with respect to all issues had been reached.  In the stipulation of settlement submitted to the Court on December 3, 2004, the parties stipulated as follows:

1.  Petitioner and respondent agree that petitioner should not have reported dependent's W-2 income of $4,589.00 on his tax return for taxable year 2000.

2.  Respondent concedes that petitioner does not have to include in taxable income the $23,242.00 that was reported on the Form 1099-MISC issued by Robert Leslie in taxable year 2000.

3.  Respondent concedes that petitioner may deduct, as car and truck expenses, $2,925.00 of the $4,560.00 of claimed deductions that petitioner erroneously listed as mortgage expenses on his 2000 tax

return.  Petitioner concedes that he may not deduct the remaining $1,635.00 of claimed deductions.

4.  Petitioner concedes that he may not deduct the remaining $19,925.00 of Schedule C expenses that he claimed on his 2000 tax return.  Those disallowed deductions are as follows:

      (a) $750.00 of advertising expenses;
      (b) $4,000.00 of commissions and fees expenses;
      (c) $1,250.00 of insurance expenses;
      (d) $8,000.00 of legal expenses;
      (e) $3,000.00 of office expenses;
      (f) $600.00 of repair expenses;
      (g) $525.00 of taxes and licenses expenses; and
      (h) $1,800.00 of travel and entertainment expenses.

5.  Respondent concedes that, as a result of respondent's concession in paragraph 2, petitioner is not liable for an accuracy-related penalty under I.R.C. § 6662(a) for the taxable year 2000.

The Court ordered the parties to submit a decision document by January 18, 2005.

On January 6, 2005, respondent mailed to petitioner's counsel a proposed decision document.  On January 10, 2005, respondent received from petitioner's counsel a letter dated January 7, 2005, in which petitioner's counsel stated that he anticipated prompt approval by petitioner of the proposed decision document.

On the next day, January 11, 2005, respondent received a letter from petitioner's counsel dated January 8, 2005, in which petitioner's counsel stated:

I also have completed my review of your computation of the income tax liability that flows from the settlement of this case.  I do not entirely agree with your computation.

It is my impression from the information that I have available that Mr. Slojewski is entitled to a Child Tax Credit in the amount of $500 based on the information in the administrative file.  It also is possible Mr. Slojewski is entitled to claim Child Care Expense credit or Education credit.  * * *  I have asked Mr. Slojewski to advise me whether he is entitled to claim credits for Child Care Expenses or Education, and whether he has any documentation to support such claims.

* * * I believe the proper procedure for making such an adjustment would be to pay the deficiency that flows from our settlement, and then file an amended return to claim the refund that flows from any credits to which Mr. Slojewski may be entitled for Child Care Expenses or Education.  * * *

It is my impression it is unlikely that we will agree on a decision document prior to January 18, 2005. I suggest that you advise the court that we have encountered some unexpected issues in agreeing on a decision document, and that you request an additional 30 days for the submission of a mutually agreeable decision document.  * * *

On January 12, 2005, respondent mailed a letter to petitioner's counsel stating that respondent would not request additional time to file the decision document.  Respondent explained that the record was closed and that petitioner's counsel did not appear to object to the decision document as it pertained to the issues covered by the stipulation of settlement. Respondent informed petitioner's counsel that if the decision document was not signed and returned by January 17, 2005, respondent would file a motion for entry of decision.

On January 14, 2005, petitioner filed a motion to withdraw agreement to stipulation of settlement. The Court denied petitioner's motion to withdraw on February 14, 2005.

On January 18, 2005, the Court filed respondent's motion for entry of decision asking the Court to enter a decision in accordance with the proposed decision document. Paragraph 15 of respondent's motion for entry of decision states: "Counsel for petitioner objects to the granting of this motion." On February 25, 2005, the Court granted respondent's motion for entry of decision and entered a decision that there is a deficiency of $3,492 in petitioner's 2000 Federal income tax and that there is no penalty due from petitioner for the taxable year 2000 under section 6662(a).

On March 3, 2005, petitioner filed a timely motion to vacate order and decision pursuant to Rule 162. On March 18, 2005, respondent filed an objection to petitioner's motion to vacate order and decision and a memorandum of points and authorities in support of his objection.

## Discussion

Rule 162 allows a party to file a motion to vacate or revise a decision, with or without a new or further trial, within 30 days after the decision has been entered, unless the Court shall otherwise permit. The disposition of a motion to vacate or

revise a decision rests within the Court's discretion. <u>Vaughn v. Commissioner</u>, 87 T.C. 164, 166-167 (1986).

The Court has applied a stringent standard in evaluating motions to vacate settlement agreements where, shortly before trial, the parties have agreed to a settlement and caused the trial date to be vacated. In such cases, we have held the settlements to be enforceable unless the moving party can show a lack of formal consent, mistake, fraud, or some similar ground. See <u>Dorchester Indus., Inc. v. Commissioner</u>, 108 T.C. 320, 335 (1997), affd. 208 F.3d 205 (3d Cir. 2000); <u>Stamm Intl. Corp. v. Commissioner</u>, 90 T.C. 315, 321-322 (1988). Moreover, a settlement is generally binding irrespective of whether it is correct on the merits. See, e.g., <u>Lamanna v. Commissioner</u>, T.C. Memo. 2003-110, affd. in part, vacated and remanded in part 107 Fed. Appx. 723 (9th Cir. 2004).

We believe that petitioner should be held to this stringent standard. Here the parties reached a settlement shortly before trial, and the trial date was vacated as a result of that settlement.

Petitioner argues that Rule 155 applies to this case and therefore alleges that the Court should not have entered its decision because the Clerk of the Court did not serve petitioner with a notice of the filing of respondent's motion for entry of decision. Petitioner alleges that respondent was aware that

petitioner disagreed with respondent's computation of petitioner's deficiency on the basis of the items addressed in the stipulation of settlement on the date respondent filed his motion for entry of decision. Petitioner also argues that respondent misled the Court by filing his motion for entry of decision without disclosing, as required by Rule 50(a), that petitioner disagreed with respondent's computation of petitioner's deficiency on the basis of items addressed in the stipulation of settlement. We disagree.

Rule 155 is the mechanism whereby the Court is enabled to enter a decision in a case where the dollar amounts of the deficiency, liabilities, and/or overpayment cannot readily be determined. Cloes v. Commissioner, 79 T.C. 933, 935 (1982). In accordance with the computations in respondent's motion for entry of decision, we entered a decision that there is a deficiency of $3,492 in petitioner's 2000 Federal income tax and that there is no penalty due from petitioner for the taxable year 2000 under section 6662(a).

Petitioner does not show that he disagreed with respondent's computation of petitioner's tax liability in accordance with the stipulation of settlement, nor does petitioner allege that there was lack of consent, mistake, or fraud as the basis for his motion to vacate order and decision. Instead, petitioner raises new issues involving possible entitlement to a child tax credit,

a child care expense credit, or an education credit.  New issues raised after a stipulation of settlement has been executed which are not based on lack of consent, mistake, or fraud are not sufficient grounds to vacate the stipulation of settlement, nor to vacate an order and decision entered as a result of the stipulation of settlement.  See <u>Brewer v. Commissioner</u>, T.C. Memo. 2005-10.

Finally, we conclude that respondent properly advised the Court that petitioner objected to respondent's motion for entry of decision as provided in Rule 50(a).  Paragraph 15 of respondent's motion for entry of decision states:  "Counsel for petitioner objects to the granting of this motion."

In summary, petitioner has not shown that there was a lack of formal consent, mistake, fraud, or some similar ground for vacating the stipulation of settlement, nor has he cited any ground or precedent that would support his motion to vacate our order and decision.  Consequently, we shall deny petitioner's motion to vacate order and decision.

In reaching our holding herein, we have considered all arguments made, and, to the extent not mentioned above, we conclude that they are irrelevant or without merit.

<u>An order will be issued denying petitioner's motion to vacate order and decision</u>.